Manly, J.
 

 The exceptions taken on the trial below, are stated in the record with distinctness, and we have duly considered them in this Court. The only one, about which we have had any difficulty, is the ruling by the Court,, that the conviction and punishment,, criminally, for the offense,, was • irrelevant, and not proper to be considered in abatement of' the demand for
 
 vincUctive
 
 damages. The word “ vindictive,” here adopted, is in common professional and legislative use-as a synonym of vindicatory or punitory, and in that sense, we suppose it is used in the record. This element, in. the estimate of damages, is allowed, to punish the defendants for' violating the laws, and by making them
 
 smart
 
 to deter others as well as themselves from similar violations.
 

 The principle upon which society acts in punishing criminally, is precisely the same. The public never is actuated by revenge, but solely by a motive of self-protection, and punishes to prevent a repetition of the- offense by the culprit, or its perpetration by others.
 

 These considerations suggest the pertinency and propriety of the evidence offered. When the enquiry is-made by the^
 
 *66
 
 jury, in a civil action, how much ought to be given for
 
 smart
 
 money, it is material and legitimate to know how much the defendant has been made to smart already; that the jury may estimate how much more will be required to effect the object of the law. "When the Court is called upon in the exercise of criminal jurisdiction to fix a punishment, it is, in like manner, proper for it to know whether there has been a civil action, and what has been the result of it. Neither the Court nor the jury will be bound, as we suppose, by the judgment of the other, but each will be at liberty to add to what has been done by the other, such additional penalties, as each, in its turn, may judge adequate and proper.
 
 Gilreath
 
 v. Allen, 10 Ired. Rep. 67.
 

 Other elements in the measure of damages should not be affected at all by the amount of criminal punishment, thus, actual pecuniary damages, — damages for loss of time — for corporeal and mental suffering — for social degradation, ought to be given, irrespective of punishment criminally.
 

 In considering this question, we have felt some doubt whether vindicatory damages ought to be given to a party in a civil suit under any circumstances where the case appears to involve, indubitably, the same principle and object, that a punishment by the public does; and it would seem, therefore, more proper to keep them distinct. But the practice of allowing this element of damages, has been so long followed in our circuit courts, that we do not think proper to disturb it; and as the admission of the testimony proposed, on the trial below, will prevent all harsh operation of the rule, by obviating the danger of double punishment, we feel less reluctant to give it the sanction of the Court. We are of opinion the testimony ought to have been received for the purpose for which it was offered.
 

 Upon the other points made by the exceptions, we concur entirely with the Court below. In the action for
 
 assault and,
 
 battery, the character of the plaintiff is not in issue. To be beaten, does not
 
 'per se,
 
 operate any loss of character to the injured party. Such loss must result from his own miscon
 
 *67
 
 duct, and hence, damages are never given to compensate for such loss. A man of aggressive character may be imposed., upon by one of an opposite temperament, and therefore, every •case ought to stand upon its own peculiar facts, and be decided without reference to the antecedents of the forties. Authorities, if needed to support a position of this sort, will be found in Sedgwick on Damages, 555;
 
 2
 
 Greenleaf’s Evidence, sec, 267-8; M
 
 cKinzie
 
 v. Allen,, 3 Strobhart’s Rep. 546;
 
 Rhodes
 
 v. Branch, 3 McCord, 66.
 

 In the matter of the third exception, our opinion is, the case does not disclose a state of facts upon which the instructions asked for, would have been proper. It must have been a peculiar state of facts to warrant such instructions, as in a case of continued trespass, where some are guilty of a part, only, and others of another part, only; 2 Tidd’s Practice, S95-6. But where there is a common intent to assault and beat, or where the parties are all present at the beating, as principals, either in the first or second degree, or are guilty as abettors by reason of counsel 'or encouragement given beforehand, each is guilty of the whole, and, in such case, joint damages would alone be proper. It does not appear that there was a state of facts to call for the instructions asked, and we suppose none such existed.
 

 The fourth exception is also groundless. The instrument offered is not under seal, and therefore, cannot operate as a release in any case. Moreover, it has not been brought before the Court in a -way to make it available, if it were good; there is no plea under which it could be properly shown.— Matter of defense, occurring after issues joined, must be pleaded specially, “since the last continuance,” as a bar to the
 
 farther continuance
 
 of the suit. Without a special plea since the last continuance, therefore, such matter of defense could not have been brought before the Court.
 

 As these latter points may be raised upon another trial of this case, we have thought it best to express an opinion upon their merits.
 

 The refusal to admit the testimony offered to mitigate punk
 
 *68
 
 tory damages, we think erroneous, and for that reason the judgment below must be reversed, and
 
 a venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.