## BREWSTER v. ELIZABETH CITY.

(Filed February 21, 1905).

*Instructions—Contributory Negligence—Proximate Cause —Negligence—Defective Streets.*

1. An instruction on the issue of contributory negligence, which assumes that if the plaintiff failed to exercise reasonable care, then her neglect was the proximate cause of her injury, is erroneous.

2. In order to show contributory negligence, the defendant must prove that the plaintiff has committed a negligent act and that such negligent conduct was the proximate cause of the injury.

3. The first requisite of proximate cause is the doing, or omitting to do, an act which a person of ordinary prudence could foresee might naturally or probably produce the injury complained of, and the second requisite is that such act or omission did actually cause the injury.

4. Where reasonable minds may come to different conclusions upon considering the facts in evidence, the jury are at liberty to apply the rule of the prudent man, and under such circumstances an instruction in effect, that plaintiff's alleged conduct was necessarily the proximate cause of her injury, is erroneous.

5. It is a question for the jury to determine, under proper instructions, whether a person walking on a defective bridge on a public street, with the head momentarily turned, observing workmen trimming a tree, is guilty of negligence.

ACTION by Matilda Brewster against Elizabeth City, heard by *Judge E. B. Jones* and a jury, at the September Term of the Superior Court of PASQUOTANK County. From a judgment for the defendant, the plaintiff appealed.

*E. F. Aydlett* and *J. C. B. Ehringhaus,* for the plaintiff.
*J. Heywood Sawyer* and *R. W. Turner,* for the defendant.

BROWN, J. The plaintiff sued the defendant to recover damages for an injury alleged to have been sustained in

crossing a bridge which was out of repair, and which consti-
tuted a part of a public street of the defendant. Among
other defenses, contributory negligence is pleaded, and all of
the plaintiff's exceptions relate to the charge of the Court
upon that issue. The evidence was in substance as follows:

The plaintiff lives in Danielson, Conn., and is seventy-two
years of age. While in the defendant town on a visit she
was walking along Cypress street on the 22d of April, 1903,
with two other ladies, and they came to a bridge at the corner
of Cypress and Road streets. One of her companions was
in the middle, the other on the outside, and the plaintiff was
on the inside of the sidewalk leading up to the bridge. Her
companion who was on the outside, stepped on the end of the
middle plank of the bridge, the other end flew up and tripped
the plaintiff and she fell and injured herself. The bridge
was composed of three stringers and three planks, each an
inch thick, about eight inches wide and eight feet long. The
bridge, according to the finding of the jury, though there was
evidence on both sides of that question, was out of repair and
in an unsafe condition. The plaintiff was seriously injured.
At the time of the injury a tree was being cut down in a yard
adjacent to the bridge. The plaintiff and her two compan-
ions were coming down Cypress street towards the bridge
and all three of them were looking away at the tree being
cut down, when her outside companion stepped on the end of
the middle plank of the bridge and tipped up the other end
which tripped the plaintiff and she fell and was seriously
injured.

The jury answered the issue as to negligence "Yes" and
the second issue as to contributory negligence "Yes." The
Court gave five separate instructions upon the second issue,
to all of which the plaintiff excepted. The plaintiff offered
no requests for particular instructions and therefore cannot
well complain of "errors of omission."

The Court instructed the jury: 1. "If you find by the greater weight of evidence that the plaintiff in crossing the bridge, even though you find that the bridge was unsafe and defective, failed to exercise that caution and care which a person of ordinary prudence should and which it is their duty to do in using the streets and sidewalks of the city, and because of her failure to exercise this caution and prudence she was injured, then she would be guilty of contributory negligence and you would answer the second issue 'Yes.' "

3. The Court further instructed the jury that "if the plaintiff could have passed over the bridge safely by exercising ordinary care, or could have stopped in time to avoid the injury and failed to do so, then her injury was caused by her own negligence and the plaintiff cannot recover."

We find error in the above instruction numbered 3, as well as in Nos. 2, 4 and 5, for which a new trial must be granted. Had his Honor given instruction No. 1, with the addition that the jury must find that the plaintiff's negligence was the immediate or proximate cause of the injury, and explained what is meant by proximate cause, such instruction would have been plainly within the rule of the "prudent man," as laid down in *Hinshaw v. Railroad,* 118 N. C., 1047; *Ellerbe v. Railroad Ib.,* 1024; *Sheldon v. Asheville,* 119 N. C., 610. The third instruction given above is erroneous, in that it assumes that if the plaintiff failed to exercise reasonable care, then her neglect was the proximate cause of her injury.

In order to constitute contributory negligence, the plaintiff must have committed a negligent act, and such negligent conduct must have been the proximate cause of the injury. The two must concur and be proved by the defendant by the clear weight of evidence. A failure to establish proximate cause, although negligence be proved, is fatal to the plea. That walking on a bridge, a part of a public street, with the head momentarily turned observing workmen trimming a tree, is

*per se* negligence, we are not prepared to hold. It is exceed-ingly difficult for a Court to define and prescribe every act which one, using the public throughfares of a city, may do without being guilty of such carelessness as constitutes negligence, and it is equally difficult to determine what acts such persons may not do. "It is essentially the province of the jury to pass on such conduct under proper instructions, and to such acts it is best to apply the rule of the 'prudent man' unless only one inference can be drawn.  *  *  *  When the negligence is not so clearly shown that the Court can pronounce upon it as matter of law, the case should go to the jury with proper instructions." *Walker, J.,* in *Graves v. Railroad,* 136 N. C., 3.

Where reasonable minds may come to different conclusions upon considering the facts in evidence, the jury are at liberty to apply the rule of the "prudent man." *Sheldon v. Asheville, supra.* The Court below practically charged that the plaintiff's alleged conduct was the immediate cause of her injury. That was erroneous.

The first requisite of proximate cause is the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce the injury complained of, and the second requisite is that such act or omission did actually cause the injury. *Coley v. Statesville,* 121 N. C., 301. The proximate cause is the last negligent act without which the injury would not have resulted. *Schwartz v. Shull,* 45 W. Va., 405. Assuming that the plaintiff was looking back at the moment the defective plank flew up and by tripping her caused her to fall, how could his Honor determine that if she had been looking ahead she would not have been injured. She had a right to assume that the bridge was safe and in good repair when she entered on it. The entire evidence shows the three ladies were walking side by side, that Mrs. Wilson stepped on the end of a defectively fastened

plank, that instantly the other end flew up and threw the plaintiff down just at the moment she had lifted her foot and was about to step on that end of the plank. Suppose the plaintiff had been looking the usual distance ahead that prudent persons generally look when walking, is it probable she would have seen the end of the plank "pop up" at her feet in time to have prevented being thrown to the ground? Where there were no guard-rails to a bridge and injuries resulted to a runaway mule and its driver by falling from the bridge, it was held that the absence of guard rails, and not the conduct of the driver or the running away of the mule, was the proximate cause of the disaster. *Augusta v. Hudson,* 94 Ga., 135.

There is no evidence of facts or circumstances from which we can infer that the injury would probably not have resulted from the "popping up" of the defective plank had the plaintiff walked with "Argus Eyes," looking forward, and had not turned her head to observe the workmen trim the tree. It is highly probable that many prudent persons would have done just what the plaintiff did, in the confident belief that the highways of the city were kept in safe condition. The most active and alert of men, much less an aged lady, may have stepped on that bridge with most vigilant outlook for obstacles ahead, and yet have been unable to observe the plank "pop up" at the feet just as he was about to step on it, in time to avoid injury.

Tested by the definition given, as well as by the general principles of the law of negligence and by every-day experience, we are unable to see how the plaintiff's conduct was necessarily the proximate cause of her injury. In practically so charging, the Court below erred, for which reason there must be a new trial.

New Trial.