E. H. WADE, by his next friend, A. T. MOORE, v. McLEAN CON-
TRACTING COMPANY.

(Filed 19 November, 1908).

**1. Pleadings—Admissions—Evidence.**

It is competent for one party to put in evidence a portion of
the pleadings of the other containing an allegation or admission
of a distinct or separate fact relevant to the inquiry, though it
is only a part of the entire paragraph, without introducing quali-
fying or explanatory matter inserted by way of defense, which
does not modify or alter the facts alleged.

**2. Defenses—Fellow Servant Act—Railroads.**

The defense that the injury complained of resulted from the
negligent act of a fellow servant is still available, except in its
application to a railroad company; for, by express terms, the
statute known as the "Fellow Servant Act," by which this defense
was withdrawn, is confined in its operation to railroad companies.

**3. Master and Servant—Negligence—Fellow Servant—Vice Princi-
pal—Respondeat Superior.**

When an order negligently given by a vice principal, present
at the time and directing the work, obediently carried out by one
fellow servant, immediately caused the injury to the other one,
the negligence is imputed to the principal, and a prayer for
instruction is properly refused, to the effect, that if the plaintiff
was injured, under such circumstances, by the misconduct of a
co-employee, he could not recover.

**4. Master and Servant—Negligence of Fellow Servant—Recovery.**

In an action by an employee to recover damages for personal
injury alleged to have arisen from a negligent act, if the negli-
gence of the employer and a fellow employee concurs in producing
the injury, the injured employee can recover of either, if he him-
self is free from blame.

**5. Same—Evidence—Nonsuit.**

The plaintiff, nineteen years of age, was employed chiefly to
keep the books of defendant company. The vice principal of
defendant, who was directing the work, called plaintiff to assist
in raising a pile driver by helping to work some jackscrews,
placed for the purpose. There was evidence tending to show that
the injury complained of was caused by the jackscrew being
insecurely placed and certain timbers used in connection with

149—12

them insecurely fastened, and in consequence of an ill-considered and negligent order, given. by the vice principal. *Held,* there was sufficient evidence of negligence to be submitted to the jury, and a motion as of nonsuit upon the evidence was properly refused.

ACTION, tried before *W. R. Allen, J.,* and a jury, Spring Term, 1908, of CARTERET, to recover damages for personal injuries, caused by alleged negligence of defendant company.

There was evidence to show that plaintiff, nineteen years of age, employed chiefly to keep the books of defendant company, and do other work, was called upon by Mr. Crow, who was directing the work at the time for defendant company, to assist in raising a pile-driver, and this by working some jackscrews a few feet apart, and placed under two heavy pieces of timber, twenty-four feet in length, one end of the pieces being a foot or so under the object and the other ends being raised something like ten feet from the ground.

There was further testimony tending to show, that said Crow stood towards plaintiff, and other hands there employed, as vice-principal of defendant company, and that he was present at the time, exercising personal supervision of the work, and giving immediate directions concerning it; that the jackscrews were improperly placed and the timber insecurely fastened, and that, by reason of these facts and of an ill considered and negligent order on the part of Crow, one of the pieces of timber became loose, the elevated end swinging around striking plaintiff and inflicting the injuries complained of.

In the presentation of plaintiff's case, he was allowed, over defendant's objection, to put in a clause from defendant's answer by way of admission to the effect, "that plaintiff in discharge of the duties of his employment, under the. direction of J. M. Crow, foreman, was working with one Charles Bennett." The exception being made on the ground "that a part of the section could not be admitted without the whole."

On issues submitted, the jury rendered the following verdict:

"1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Was plaintiff guilty of contributory negligence? Answer: 'No.'

"3. What damages, if any, is plaintiff entitled to recover therefor? Answer: '$720.'"

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Simmons, Ward & Allen* and *D. L. Ward* for plaintiff.
*Moore & Dunn* for defendant.

HOKE, J., after stating the case: In *Sawyer v. R. R.,* 145 N. C., 24, the approved rule in reference to the admission of excerpts from pleadings by way of admission, is stated as follows:

"It is competent for the plaintiff to put in evidence a portion of the answer containing an allegation or admission of a distinct or separate fact relevant to the inquiry, though it is only a part of an entire paragraph, without introducing qualifying or explanatory matter, inserted by way of defense, which does not modify or alter the fact alleged." And its correct application here sustains the ruling of the Judge admitting the excerpt from the answer offered by the plaintiff.

It was further contended by defendant, that as the statute, known as the Fellow Servant Act, is confined in its operation to railroads, the defense which arises under certain circumstances by reason of the negligence of a fellow servant, is available to defendant. The position is correct so far as relates to the statute in question. In express terms, the act is restricted to railroads and their employees, but the facts of the case do not require or permit the application of the doctrine referred to, for the evidence is to the effect that J. M. Crow, who held the position of vice-principal towards the

plaintiff and the other employees, was present, exercising personal supervision of the work in which these hands were employed, and that he gave the order which immediately caused the injury. The physical act may have been that of Bennett, the co-employee, but the order was given by Crow, the vice-principal, and, if it was negligently given, the result is imputable to defendant, for there is no suggestion or claim that Bennett acted in disobedience of Crow's order, or that he failed to carry it out. And, if it were otherwise, if the evidence tended to show that the plaintiff's injury resulted as the proximate consequence of negligence on the part of Crow, the vice-principal, and that a negligent act of Bennett, the co-employee of plaintiff, concurred in bringing it about, in that event, defendant would be responsible. For it is recognized doctrine that if the negligence of the employer and a fellow employee concurs in producing an injury, the injured employee can recover of either if he himself is free from blame.

As stated in 12 A. & E. (2d Ed.), p. 905: "A master is liable for an injury to his servant, caused by the concurrent negligence of himself and a fellow servant, but which would not have happened had the master performed his duty. And it is only when the negligence of the fellow servant is the whole cause of the injury that the master is excused."

The Court, therefore, made a correct ruling in refusing to give defendant's prayer for instructions to the effect, "that if plaintiff was injured by the misconduct of a co-employee, he could not recover." And the defendant's motion to nonsuit was also properly overruled. There was evidence tending to show negligence on the part of defendant, both in the means provided for the work, and the method and manner of conducting it, and the facts presented required that the cause should be submitted to the jury.

There is no error, and the judgment below is affirmed.

No error.