RUFUS BLEVINS, BY HIS NEXT FRIEND, v. THE ERWIN
COTTON MILLS.

(Filed 21 April, 1909.)

1. Jurors, Incompetent—Employee—Challenge—Peremptory—Harm-
less Error.

While an employee is an incompetent juror for the trial of a
cause involving the rights or interest of the employer, it is not
reversible error when a party follows his objection to such juror
by a peremptory challenge and it does not appear that his rights
were in any way prejudiced by the ruling of the court. · (*State v.
Gooch*, 94 N. C., 987, cited and approved.)

2. Evidence—Negligence—Defective Machinery—Subsequent Condi-
tion.

In an action to recover damages alleged to have been received
as the result of a defective machine, evidence is competent which
tends to show the condition of the machine twenty-two months
after the occurrence, and that there was no change therein in the
meantime.    (*Myers v. Lumber Co.*, 129 N. C., 252, relative to
voluntary changes made by an employer after the injury, cited
and distinguished.)

3. Master and Servant—Negligence—Safe Appliances—Duty of Em-
ployer—Instructions.

It is the duty of employers to provide a reasonably safe place
for their employees to do the work they are employed to do, and
to supply them with machinery, implements and appliances which
are suitable, and such as are approved for the purpose, in general
use, etc.; and under conflicting evidence a charge to the jury is
correct that if the injury complained of was by reason of a breach
of such duty, to answer the issue as to defendant's negligence in
the affirmative.

4. Master and Servant—Safe Appliances—Negligence—Defective
Machinery—Notice.

In an action for damages sustained by an employee, alleged to
have been caused by a defect in a machine, at which he was at
work in the course of his employment, it is necessary for him to
show that his injury was caused by the defect, and that the em-
ployer had actual notice thereof, or constructive notice, implied
by failure to exercise reasonable inspection or care, or from the
length of time the defective condition had previously existed.

5. Master and Servant—Safe Appliances—Negligence—Defective
Machinery—Instructions.

When the complaint alleged, and there was evidence tending to
show, that plaintiff received personal injury by reason of a de-

fective fastening of a door in a carding machine, where he was at work, and attributed to defendant's negligence, and there was also evidence, admitted without objection, that there was at the time no "stripping stick" on the machine: *Held,* no reversible error that the charge confined the inquiry to the condition of the door and its fastening, omitting all reference to the "stripping stick," when it appeared that this "stripping stick" was not intended or relied upon as a safety appliance or that it could be considered in any way as the proximate cause of the injury.

ACTION to recover damages for personal injury, caused by alleged negligence of defendant company, tried before *Jones, J.,* and a jury, at October Term, 1908, of DURHAM.

Plaintiff objected to a juror because he was an employee of defendant company; objection overruled; plaintiff excepted. The juror was then challenged peremptorily; the challenge was allowed.

The negligence alleged against the defendant, as indicated in the complaint, was that the door of one of the machines, where the plaintiff was required to work and at which he was injured, "was defective, and had been for many weeks, in that the catch on said door was very weak, so that the door was liable to fly open, and that defendant well knew or ought to have known the dangerous condition of the cylinder when said door was open, and well knew or ought to have known the dangerous condition of the fastenings on said door, and that said machine was old and had been used for many years; but defendant negligently and carelessly failed to warn plaintiff of the danger of working thereat, and carelessly and negligently failed to equip said door with proper and suitable fastenings, and that the defective condition of the door was unknown to plaintiff."

During the trial the defendant was allowed, over plaintiff's objection, to show by a witness, John Burroughs, and some others, that they had examined the machine a short time before the trial, and the door was all right and the catch thereon in good order. This, in connection with the statement of a witness, E. K. Poe, manager of defendant, who had testified that the catch and door were in exactly the same condition as they were at the time of the injury, "The same catch there now that was

then; same knobs and same latch; no repairs or changes had been made, and nothing done to them since." Plaintiff excepted.

There was evidence on the part of plaintiff tending to show that, on or about 26 December, 1906, the plaintiff, an employee of defendant company, had his hand caught in a carding machine, where he was at work, and crushed and mangled to such an extent that amputation was necessary; that the cards were on a cylinder, some six feet in diameter, and which revolved when the machine was in operation 160 to 200 times per minute; that this cylinder was enclosed in a casing, and in front there was a door, some ten inches wide and extending across the frame, forming, when closed, a part of this casing; that this door was on hinges and opened downwards, and as it was raised and closed, and when in two and one-half or three inches of the closing point it would fall, shut of itself, and was held shut by gravity, and also by a latch and catch, which held it securely when in place and in good order; that the door was for the purpose of enabling a person to open the same and clean the cylinder, and was kept shut, except when the cylinder was being cleaned; that above the door there was in some of the machines a stripping stick, which also revolved when the machine was in motion, its service being to catch and hold the waste cotton rejected by the cards and thrown from the machine through a slight opening by the movement of the cylinder. At the time of the injury, plaintiff, in the line of his employment, was engaged in running fronts on cards, *i. e.,* "doffing out the cans, taking down the strippings from over the cylinders, and taking off the waste from over the sticks," making an excerpt from the plaintiff's own testimony: "While so engaged I was hurt in the cylinder of a carding machine; my hand was cut off at the wrist. Over the cylinder was a steel or iron case. There was a door in the case, which fitted over the cylinder. I was taking down the stripping and went to card off the stripping with my left hand, when the cylinder caught my fingers. The door was open; I did not know it was open. If the door had been closed, my hand would not have gotten in the cylinder; could not see that the door was open, because cotton waste was lying over it. I

did not open the door. If the stripping stick had been on, this waste cotton would have rolled around the stripping stick and not fallen on the face of the machine," etc. That when he went to work in the evening the stripping stick was off and there was a lot of waste cotton lying on the machine, and in brushing this away his hand was caught and mangled, by reason of the open door, as stated, and that this cotton piled on the machine prevented him from seeing that the door was open.

Will A. Carden, a witness for the plaintiff, testified, among other things, that "In operating these carding machines, when the spring is in position, as it ought to be, there is nothing that will knock the door down; but if the spring is weak and up and the door does not catch, a lump of cotton will knock it down and cause the door to fall open on the machine. When the door is closed it is a part of the casing that covers the cylinders. If there is no stripping stick over the card, the waste cotton falls down in the casing, and when it does it conceals the door."

There was evidence on the part of the defendant that the machine at which plaintiff was injured was a standard machine and in good order at the time of the injury; that it had been continuously in use since, and that no change or repairs had been made, and that it was in good order now. Several witnesses who examined the machine testified to its being in excellent condition. E. K. Poe, manager of defendant, testified to the good condition of machine on the day of the injury, and no notice or complaint had ever been made concerning it. R. P. Kirley, overseer of the card department, testified as to the good condition of the machine; that he was continuously in the room and passed the machine frequently during the day; that its condition was all right and no defect in it, and no notice or complaint had ever been made by anyone. This witness further testified that it was no part of defendant's duty to strip this machine, and nothing in the line of his work that called him to go nearer than two feet of it; the work plaintiff was engaged in at the time being the work of one S. C. Howell, a coemployee.

There was further evidence on part of the defendant that the stripping stick was there more for gathering the waste cotton

and putting it in a more compact form, and both plaintiff's and defendant's witnesses testified that the stripping stick was in no way connected with the door or its uses as a structural part of the machine, and that when the door was closed there was no danger in doing the work at which plaintiff was engaged when the injury occurred.

There were four issues submitted:

1. As to the negligence of defendant.
2. As to contributory negligence on part of plaintiff.
3. As to assumption of risk.
4. Damages.

The jury answered the first issue "No." Judgment on the verdict; and plaintiff, for errors properly assigned, excepted and appealed.

*Manning & Foushee* for plaintiff.
*Aycock & Winston* and *Bryant & Brogden* for defendant.

HOKE, J., after stating the case: We have carefully considered the exceptions noted in the record, and find no reversible error to plaintiff's prejudice. It is very generally held that an employee is an incompetent juror for the trial of a cause involving the rights or interests of the employer, and the plaintiff's objection should have been sustained. *Railroad v. Mitchell,* 63 Ga., 173; *Railroad v. Mask,* 164 Miss., 738. But the juror was challenged peremptorily, and it does not appear that the plaintiff's rights were in any way prejudiced by this ruling of the court. We have uniformly held that this right of challenge is given to afford a party litigant fair opportunity to remove objectionable jurors, and was not intended to enable them to select a jury of his own choosing. In *State v. Gooch,* 94 N. C., 987, the doctrine is stated as follows: "The right to challenge jurors is not a right to select such as the prisoner may desire, but is only the right to take off objectionable jurors and to have a fair jury to decide the cause."

On the admission of testimony as to the condition of the machine not long before the trial of the cause and twenty-two months after the occurrence, the authorities are very generally

to the effect that when the condition of an object at a given time is the fact in issue its condition at a subsequent period may be received in evidence, when the circumstances are such as to render it probable that no change has occurred. There are decisions which hold that after a long period the subsequent conditions should be rejected as a circumstance too remote *(Railroad v. Eubanks,* 48 Ark., 460), but this qualification of the principle does not obtain when there is direct evidence, as in this case, that no change in the meantime has occurred. Wigmore on Evidence, sec. 437; Thompson's Commentary on Negligence, sec. 7870.

It may be well to note that the doctrine we are now discussing refers to the objective conditions, where, from the facts and circumstances, it is reasonably· probable that no change has occurred, and must not be confused with the position which obtains with us, that voluntary changes made by an employer after an injury to an employee, and imputed to the employer's negligence, are not, as a rule, relevant on the trial· of an issue between them. *Myers v. Lumber Co.,* 129 N. C., 252. This position involves facts and considerations of a different character, and in this State, as stated, has been subjected to a different ruling.

On the trial below the court imposed on the defendant the duty of providing for its employees a reasonably safe place to work and supplying them with machinery, implements and appliances safe and suitable for the work in which they are engaged, and such as are approved and in general use, etc., and charged the jury, in effect, that if the plaintiff was injured by reason of a breach of duty in the respects indicated the issue as to the defendant's negligence should be answered "Yes." This position is well·recognized and is in accord with numerous decisions of the Court. *Fearington v. Tobacco Co.,* 141 N. C., 80; *Hicks v. Manufacturing Co.,* 138 N. C.; 325; *Lloyd v. Hanes,* 126 . N. C., 359.

In .response to prayers for instructions, preferred by defendant in apt time, the court, among other things, charged the jury as follows:

(*a*) "Even if you should find it was the duty of the plaintiff

to strip cards at the machine at which he was injured, and that he was engaged in the line of his duty at the time he was injured, and that the catch was defective, but should also find that the defendant had had no notice of the defective catch or that it had not been defective long enough for the defendant to have constructive notice of this defect, and that this defective catch was the cause of the plaintiff's injury, you will answer the first issue 'No.'

(*b*) "Before the plaintiff can recover, it is necessary for him to show that his injury was due to a defect in the machine at which he was working for the defendant, and that the defendant had notice or could by reasonable care have had notice of the defect in the machine."

These positions, also, are fully supported by our cases on the subject. *Nelson v. Tobacco Co.,* 144 N. C., 418; *Ross v. Cotton Mills,* 140 N. C., 115; *Hudson v. Railroad,* 104 N. C., 491.

Again, at the request of the defendant, the court charged the jury as follows:

(*c*) "The plaintiff alleges in his complaint and contends that his injury was due to a defective catch upon the machine at which it was his duty to work, and but for this he would not have been injured. The defendant denies the catch was defective, and insists that it was sound then and is in the same condition now. If you find from the evidence in this case that the catch or door lid referred to was not defective, then you will answer the first issue 'No,' for the plaintiff does not contend there was any other defect about the machine at which he was injured."

This is the exception chiefly urged by plaintiff for error in the charge of the court, and is raised in different ways by several other exceptions noted in the record; the objection being that in this portion of the charge his Honor below entirely ignores the evidence of plaintiff, tending to show that there was no stripping stick in place at the time of the injury, and its probable effect in producing the result; but the objection cannot, in our opinion, be sustained. The negligence charged in the complaint, and the only negligence chargeable to defendant on

this testimony, is in reference to a defective fastening to the door; and if there was no default in this respect, no responsibility should attach. If the door was improperly opened by the plaintiff himself, or a coemployee, the defendant company would not be liable, for our statute on the subject, by which coemployees are made vice principals of the employer, in reference to injuries arising from their negligence, only applies to railroads (*Wade v. Contracting Co.,* 149 N. C., 177); and this stripping stick, to which reference is more especially made in the exception, was not a safety appliance, and there is no evidence which showed or tended to show that plaintiff or any of the employees were accustomed to use or rely on it as such, as in *Wallace v. Railroad,* 141 N. C., 646. It was only an implement for greater neatness, or perhaps for greater convenience, in gathering or removing the waste cotton rejected by the cards and thrown from the machine. All of the testimony is to the effect that this stripping stick had no connection with the door, and that if this door was in proper place and the fastenings in proper condition no danger was to be apprehended. If there was no negligence, therefore, imputable to the defendant as to the door, the absence of the stripping stick should not be allowed to affect the question. No action should arise by reason of negligent default, unless there had been a breach of some legal duty which leads to the result in continuous and natural sequence, "unless a person of ordinary prudence could foresee that the result complained of would naturally and probably ensue." *Brewster v. Elizabeth City,* 137 N. C., 392.

The court did right, therefore, in directing the minds of the jury to the real question at issue and excluding irrelevant matters from their consideration. We find nothing in the rulings, or charge of the court on the last three issues, which is in any way calculated to confuse or mislead the jury in their determination of the first issue; and, this being true, the exceptions as to the disposition of these last three issues have become immaterial and have not been further considered.

After a fair and impartial trial, the jury have determined the real and controlling question in dispute between the parties—the condition of the door and its fastenings—in favor of

defendant, and we find no error which would warrant or permit that the Court should disturb the conclusion they have reached. The judgment for defendant is therefore affirmed.

No Error.