W. A. HIPP v. CHAMPION FIBER COMPANY.

(Filed 30 May, 1910.)

1. Principal and Agent—Vice Principal—Evidence Sufficient—"Fellow-servant Act."

One who has the authority from the master to command, direct and discharge, or, by reason of his position, procure the discharge of servants of the master engaged in pursuance of the work they were employed to do, this known both to him and the other servants, stands as the *alter ego* of the master to them in respect of the employment, and renders the fellow-servant doctrine inapplicable; and "the test of the question whether one in charge of other servants is to be regarded as a fellow-servant or vice principal, is whether those who act under his orders have just reason for believing that neglect or disobedience of orders will be followed by dismissal." *Turner v. Lumber Co.,* 119 N. C., 387, cited and approved.

2. Same—Negligence—Evidence.

The plaintiff was engaged by defendant to work in a gang engaged in moving "economizers," weighing not less than 2,000

pounds, from a higher to a lower level, by pushing them upon skids from a higher platform until the implements were toppled over and allowed to slide to the lower level. This work was done under the order of defendant's vice principal, who alone was in position to have full view of the work as it progressed: *Held,* the defendant is liable in damages for a negligent order of its vice principal, proximately causing an injury to plaintiff's hand, in directing the plaintiff and another to place a skid and ordering those on the upper platform to shove the "economizer" on the skids before plaintiff could step back to a place of safety. *House's case, ante,* 397, and *Brookshire's case, ante,* 669, cited and distinguished.

APPEAL from *Justice, J.,* at March Term, 1910, of BUNCOMBE.

Civil action to recover damages for alleged negligence of defendant company causing physical injury to plaintiff.

There was evidence tending to show that plaintiff, one of a squad of hands engaged in moving a lot of economizers, in shape something like a steam radiator, each weighing not less than 2,000 pounds, had his hand seriously hurt by reason of a negligent order given by Ben Wright, who was foreman in charge of the work.

The testimony on part of plaintiff tended to show that Ben Wright, at the time, was in the position of vice principal of defendant company.

This was denied by defendant, and the alleged negligence was also denied, and evidence offered in support of both positions.

The jury rendered the following verdict:

"1. Was the defendant, Champion Fiber Company, a corporation at the date of plaintiff's injury? Answer: Yes, by consent.

"2. Was the plaintiff, W. A. Hipp, injured by the negligence of the defendant, Champion Fiber Company, as alleged in the complaint? Answer: Yes.

"3. What damage, if any, is the plaintiff entitled to recover? Answer: $750."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Craig, Martin & Thomason* for plaintiff.
*Martin & Wright* for defendant.

HOKE, J., after stating the case: We find no reversible error in the record. Defendant is correct in the position taken, that our statute abolishing what is known as the Fellow-servant Doctrine applies only to railroads, and, therefore, does not affect the questions presented on this appeal. Under a proper

charge, however, the jury have necessarily found that, by reason of authority expressly conferred, the foreman, Ben Wright, was acting on this occasion as vice principal of defendant company, and the position referred to therefore becomes of moment.

On this question of vice principal, the court, among other things, charged the jury as follows: "Now, it is contended by the defendant that Ben Wright was a mere foreman, having charge and direction of the work simply and laying out the work and controlling the hands simply, in doing the work; that then he would be a fellow-servant and the corporation would not be liable for his negligence. In order to establish the relation between the corporation and Ben Wright of middleman or *alter ego,* it is necessary for the plaintiff to show, by the greater weight of the evidence, that the foreman, Ben Wright, occupied the position of the company in this respect, and that he had the right to give the order and to force obedience to it. Not necessarily that he had the right to hire hands and to discharge them, but that he had the power to command them, and that they understood that it was their duty to obey him; and if he had the right to report and procure their discharge, or "firing" of the hands, why that would be the same as if he could discharge them himself, and if they understood and he understood that that relation did exist, and the relation really did exist between them, that he occupied the position of the company in the direction of the work, and that he had the power to report and bring about their discharge, why then he would be the *alter ego.*"

There was evidence on the part of plaintiff requiring an expression on this view of the case, and the charge is in substantial accord with the position of this Court on the subject, as expressed in *Turner v. Lumber Co.,* 119 N. C., 387, and in which it was held as follows:

"The test of the question whether one in charge of other servants is to be regarded as a fellow-servant or vice principal is whether those who act under his orders have just reason for believing that neglect or disobedience of orders will be followed by dismissal."

Considering the case in this aspect, that the foreman was vice principal of defendant company, we think there was ample evidence requiring that the question of actionable negligence should be submitted to the jury. The testimony on the part of plaintiff tended to show, and this the jury have accepted, that plaintiff, with a lot of hands, under the charge and direction of Ben Wright, the foreman and vice principal, were engaged in moving from a higher to a lower level a lot of economizers, weigh-

ing each not less than 2,000 pounds, and in shape something like a steam radiator. It was not a work of an ordinary kind, simple in its nature and placing, involving the principles applied in *Dunn's case,* 151 N. C., 313, or in *House's case, ante,* 397, or *Brookshire's case, ante,* 669, but to do it properly and in safety required careful management and supervision. The method pursued in the present case was for some of the hands to push the implement to the edge of the higher platform until it was nearly on a balance, and then when the skids were placed by other hands it was toppled over onto the skids and allowed to slide to the lower level. The hands who were shoving the economizer were not in a position to see those who were placing the skids, and, in the present instance, the foreman, who was standing to one side and in a position to see and observe both, and charged with the duty of giving careful directions, ordered the plaintiff and another hand to place the skids, and before they could step back he ordered the men on the upper platform to shove the economizer forward onto the skids, and plaintiff's hand was thereby caught and injured.

The jury, we think, were well justified in finding this to be a negligent order, and the case is one very similar to that of *Wade v. Contracting Co.,* 149 N. C., 177.

On the facts established by the verdict, this authority is decisive against defendant.

There is no error, and the judgment is affirmed.

No error.