Civil action, tried upon these issues:
1. Was the plaintiff, Andie Clarke, injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."
2. Did the plaintiff, by his own negligence, contribute to his own injury? Answer: "No."
3. What damage, if any, is the plaintiff entitled to recover? Answer: "$2,500."
From the judgment rendered, the defendant appealed.
This action is brought to recover damages for injuries alleged to have been sustained by the negligence of the defendants in so running their automobile as to cause the same to run over and injure the plaintiff.
His Honor charged the jury: "Now, defendant contends he has shown you that by the evidence, which he contends ought to satisfy you. The burden is not on the defendant to satisfy you of that contention by the greater weight; the burden is upon the plaintiff to satisfy you of his contentions as to the first issue by the greater weight of the evidence. If the plaintiff fails to satisfy you by the greater weight of the evidence, that is, when you have heard all the evidence and the law and circumstances, and you go to deliberate upon the testimony, the circumstances under which the injury took place, (a) if the weight of the evidence satisfies you, by its greater weight, that the defendant was driving its *Page 708 
machine in a negligent manner, then the issue would be answered `Yes'; (b) but it must, by the greater weight, satisfy you of that."
(647) The defendants except to that portion of the charge embraced between the letters (a) and (b).
Negligence becomes actionable only when it results in injury and is the proximate cause thereof. The charge was, therefore, erroneous in that it entirely left out of view the question of proximity of cause, and permitted the jury to convict the defendant of negligence merely by proof of the single and sole fact that the car was being driven in a negligent manner.Brewster v. Elizabeth City, 137 N.C. 392; Edwards v. R. R., 129 N.C. 78.
An examination of the charge as a whole fails to disclose that the error was cured.
New trial.