GREGORY v. EASTON COTTON OIL COMPANY.

(Filed 15 September, 1915.)

1. **Master and Servant—Employee—Vice Principal—Fellow-servant—Joint Negligence—Trials—Principal—Burden of Proof.**

Where the negligence of the master and a fellow-servant concur in producing an injury, the injured employee, himself being free from blame, can recover judgment from either or both; but where the negligence of the employer is made to depend upon an order of his vice principal or manager, his negligence must first be established, having regard to the character of the order, the position and authority of the person to whom it was given, and the attendant circumstances.

2. **Master and Servant—Employee—Vice Principal—Negligence—Orders to Servant—Remote Damages.**

Where, acting under the orders of the manager of a cotton-seed oil plant, the assistant manager goes upon a platform whereon bales of cotton are thrown at frequent intervals from the door of a ginhouse elevated above, the time being at night and the platform insufficiently lighted by the light from the ginhouse door, and the assistant manager, being in charge, tells the hands in the door to look out for him, in which they acquiesce, but, while getting the samples, the assistant manager is injured by a bale of cotton being thrown upon the platform through the door and rebounding upon him, which is the negligence alleged in his action to recover damages of the company: *Held*, the defendant company is not held to reasonably anticipate the conditions under which the injury occurred, or that it would result therefrom, and the damages, being too remote, are not recoverable.

**3. Master and Servant—Employer—Duty of Master—Safe Place to Work—Reasonable Care.**

   The master may not delegate to another his duty to provide his servant a safe place to work, but this does not require him to provide an absolutely safe place for the purpose, or insure the safety of his servant, the measure of his duty being that he should exercise proper care in providing a safe place to work.

APPEAL by plaintiff from *Justice, J.*, at Spring Term, 1915, of PERQUIMANS.

The facts are sufficiently stated in the opinion of the Court.

*Charles Whedbee and P. W. McMullan for plaintiff.*
*W. A. Worth and L. T. Seawell for defendant.*

HOKE, J. The facts in the case tended to show that, at the time of the occurrence, the defendant company owned and operated a cottonseed oil mill in the town of Hertford, N. C., and in connection therewith a cotton gin and press; that the gin and press were so constructed that the floor where the cotton was baled was 9 or 10 feet above a platform running along the building, and, as the cotton was pressed into bales, it was thrown by the hands from a door of the ginhouse down onto this platform, rolling as it might chance in the fall; that when the gin was being operated there was perhaps a bale of cotton rolled out of the gin on the platform something like every fifteen minutes; that W. N. Gregory was manager of the plant, and plaintiff was the assistant, having general charge of the machinery, and having immediate charge of the gin and press and its work; that on the evening of 17 December, 1913, and it was then dark, plaintiff was directed by the manager to bring him a sample of "cotton linters," these linters being then on the platform about 10 feet straight off to the side from the door of the ginhouse. There was no light on the platform, but there were lights in the ginhouse which threw some light on the platform when the gin door was open, but not so as to light the place where the witness was directed to go. Witness procured a sack and started to get the linters, and as he went the laborers operating the gin were in the gin door, and plaintiff held up his bag and told them he was going to draw samples and to look out for him. They nodded their heads, "All right"; that plaintiff had been there before to get linters in the daytime, but never before at night; that plaintiff then proceeded to get the linters, and while he was so engaged the hands in the gin threw a bale of cotton on the platform; it struck the pile of bales already thereon, and rolled down on plaintiff's leg, breaking it just above the ankle, etc., causing him much suffering and loss of time, etc. Plaintiff is still employed at the plant and getting the same wages. Witness, testifying in his own behalf, stated that he knew the bales were being thrown out on the platform, and that

he was liable to be hurt if this was done while he was engaged in getting the linters. Upon these, the facts chiefly relevant, we are of opinion that plaintiff was properly nonsuited.

It is true, as contended by defendant, that where the negligence of the master and a fellow-servant concur in producing an injury, the injured employee himself being free from blame, can recover judgment from either or both. This has been several times recognized in decisions of our Court, as in *Wade v. Contracting Co.,* 149 N. C., 177; 62 S. E., 919, and other cases; but, in order to a proper application of the principle, the negligence of the employer must be first established, and, having regard to the character of the order, the position and authority of the person to whom it was given, and the attendant circumstances, we fail to see anything in it that justifies a finding of actionable negligence against the defendant company. There is no testimony tending to show that employees of the defendant were customarily called on to work on this platform while bales of cotton were being dumped upon it, and which might have been made the occasion of imputing negligence, whether there was or was not a light. Nor was the order given to some subordinate employee or outside messenger, improperly sent to do a dangerous piece of work; but it was an exceptional order, given by the manager to his assistant, who, according to the evidence, had immediate charge of the gin and its work and the hands employed there. Having been directed to get these linters from the platform at the time and under the circumstances stated, he should have stopped the gin work until he procured the linters, if this was necessary to his protection. As a matter of fact, he did signal to his hands to "look out for him, and they nodded acquiescence and agreed to it"; but their failure to act on their agreement must, in our opinion, be imputed to them alone, and not to defendant, for, as heretofore stated, the order of the manager to get the linters having been given to a man of experience, fully aware of incidental dangers, and having immediate charge and control of the gin, there was no reason to suppose that such a one would not take the necessary steps to protect himself, and the giving of the order, therefore, should not be considered as the proximate cause of the injury within the meaning of the issue. There was no reasonable ground to foresee that an injury would result. *Brewster v. Elizabeth City,* 137 N. C., 392, 49 S. E., 885; *Ramsbottom v. Railway,* 138 N. C., 38, 50 S. E., 448.

It is urged for the appellant that the duty of the master to provide his employee with a safe place to work is "primary, absolute, and nondelegable," and that, for a failure in this respect, the master was guilty of negligence, and, on the testimony, the jury could well find that there was concurrent negligence of the master and the employees who threw the bale on the platform. The position is sound in so far as it states the duty of the master to be primary and nondelegable; but it is not "abso-

lute," in the sense that the employer of labor is ever an insurer of the safety of his laborers. He is held to the exercise of proper care in providing a safe place to work, and this, as a general rule, is the measure of his obligation. *Ainsley v. Lumber Co.*, 165 N. C., 122, 81 S. E., 4; *West v. Tanning Co.*, 154 N. C., 44, 69 S. E., 687. And in the present instance the company, through its manager, having given the order to the assistant, who had full charge of the gin, the only agency that created any danger, there was no good reason to foresee that an injury would occur, and no responsibility, therefore, should attach. The case comes rather under the principle approved and applied in *Lane v. Railroad*, 154 N. C., 91, 69 S. E., 780, and we find no error in the judgment as rendered.

Affirmed.