MRS. KATHERINE STEPHENSON v. DUKE S. LEONARD,

AND

MISS KATHERINE STEPHENSON, BY HER NEXT FRIEND, T. SPRUILL THORNTON, v. DUKE S. LEONARD.

(Filed 18 September, 1935.)

(Consolidated for trial.)

**Negligence D d—**

    Contributory negligence is negligence of plaintiff which proximately causes the injury, and an instruction that fails to charge, in any manner, that the acts of plaintiffs complained of must have produced the injury in order to bar recovery, must be held for reversible error.

APPEAL from *Pless, J.,* at February Term, 1935, of FORSYTH. New trial.

These were civil actions, instituted by Mrs. Katherine Stephenson and Miss Katherine Stephenson, by her next friend, to recover damages for personal injuries received in a collision between two automobiles alleged to have been proximately caused by the negligence of the defendant Duke S. Leonard. By consent the actions were consolidated for the purposes of trial.

The plaintiffs were passengers in an automobile owned and operated by B. T. Stephenson, their husband and father, respectively, which collided with an automobile owned and operated by the defendant. The defendant, after denying his own negligence, pleaded as contributory negligence the failure of the plaintiffs to see and warn the driver of the car in which they were riding of the impending danger.

Separate but identical issues were submitted in the respective cases, to which identical answers were made, as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by her own negligence, contribute to her injury, as alleged in the answer? Answer: 'Yes.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: ........"

From judgments, based upon the verdicts, that they recover nothing, the plaintiffs appealed to the Supreme Court, assigning errors.

*Manly, Hendren & Womble and Wood, Chitwood, Coxe & Rogers for plaintiffs, appellants.*

*Fred S. Hutchins and H. Bryce Parker for defendant, appellee.*

SCHENCK, J. The following portion of the charge of the court is made the basis of one of the plaintiffs' exceptive assignments of error, to wit: "If you find, the burden being upon the defendant, Mr. Leonard, to satisfy you by the greater weight of the evidence, that these ladies failed to observe the rule of ordinary care in keeping a lookout and in warning the driver of any approaching danger from a car traversing the intersection, and you find that under all those circumstances they failed to exercise ordinary care, then, gentlemen of the jury, it would be your duty to answer the second issue, that is, the issue of contributory negligence, 'Yes,' that is, in favor of Mr. Leonard." The foregoing instruction was erroneous, for that it failed to make any reference to the requisite that the jury find that the negligence of the plaintiffs was a proximate cause of their injuries before answering the issue in favor of the defendant. We have carefully read his Honor's charge, and the words "proximate cause," or any words of the same import, are nowhere used with reference to the second issue.

Upon an issue of contributory negligence, "The test is: Did the plaintiff fail to exercise that degree of care which an ordinarily prudent man would have exercised or employed, under the same or similar circumstances, and was his failure to do so the proximate cause of his injury?" *Moore v. Iron Works,* 183 N. C., 438, and an instruction on such an issue which assumes that if the plaintiff failed to exercise reasonable care, her negligence was the proximate cause of her injury, is erroneous. *Brewster v. Elizabeth City,* 137 N. C., 392.

In order to show contributory negligence, the defendant must prove that the plaintiff has committed a negligent act, and that such negligent act was the proximate cause of the injury. The first requisite of proximate cause is the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce

the injury complained of, and the second requisite is that such act or omission did actually cause the injury. *Brewster v. Elizabeth City, supra.*

The defendant appellee in his brief cites the case of *Parker v. Railroad,* 181 N. C., 95, and quotes, as charge approved by this Court, the following: "If you should find from the evidence that the plaintiff in approaching the crossing could have seen, by looking, this moving train, and could have known the train was moving towards the crossing, by listening, and that she could have seen it in time to have requested the driver of the car to stop, and you find that if she had requested the driver of the car to stop she would have stopped in time to avoid the injury, that would be the proximate cause of the injury, and not the negligence of the defendant, . . ." It will be noted that the charge quoted clearly instructed the jury that if the passenger (the plaintiff) had requested the driver of the car to stop, and that as a result of such request the driver would have stopped in time to have avoided the injury, the failure to so request the driver would have been the proximate cause of the injury, and that under those circumstances the jury would answer the issue of contributory negligence in favor of the defendant. The judge in the instant case omitted to instruct the jury that before they could answer the second issue in favor of the defendant they must find that the driver of the Stephenson car would have stopped such car had he been warned by the passengers therein, the plaintiffs in these cases, and thereby have avoided the collision and its resultant injuries. This omission, we think, constituted prejudicial error.

For the errors assigned there must be a

New trial.