## MATHIS v. MANUFACTURING CO.

(Filed March 13, 1906).

### *Negligence—Evidence.*

In an action for damages for personal injuries, where the evidence showed that the machine was an ordinary circular saw, which was securely fastened on a table five feet square and worked all right, and that there was nothing requiring special instruction, and that plaintiff was injured by running his hand under the table to clean out the saw dust box, without looking where he put it and could have easily seen the saw whirling under the the table by stooping down and looking, *held*, the court erred in overruling a motion of nonsuit.

ACTION by Clifton Mathis, by his next friend, against Maglolia Manufacturing Co., for damages for personal injuries, heard by *Judge W. B. Councill* and a jury, at the August Term, 1905, of the Superior Court of DUPLIN. From a judgment for the plaintiff, the defendant appealed.

*Kerr & Gavin* for the plaintiff.
*Stevens, Beasley & Weeks* and *Shepherd & Shepherd* for the defendant.

BROWN, J. At the conclusion of the evidence defendant moved to nonsuit the plaintiff. The court overruled the motion and defendant excepted. Upon examination of the entire evidence, and viewing it in the aspect most favorable to the plaintiff, we are of opinion that the motion should have been granted.

The plaintiff alleges, and offers evidence tending to prove, that he was at the time of the unfortunate occurrence 18 years of age and a common laborer in defendant's mill; that he was employed in carrying out lumber, and had no knowledge of machinery; that there was a circular saw about 14 inches in diameter operated through a slit in a table five feet square in the mill. About four inches of this saw was above the top of the table and the remainder below. The part of the saw below the table could not be seen from above when the top of the table was down. The top worked on hinges and could be turned back. The saw was run by means of a pulley, connected from the floor. The saw dust was caught in a box under the saw. After plaintiff had been in the mill about two weeks, he was directed by the foreman to operate this saw. The foreman instructed the plaintiff to "keep the saw dust cleaned out from the box, and around the saw clean." Plaintiff states: "I was pulling the dust to me from out of this box, and could not see the saw, thinking the frame was protection, and while pulling it to me, the saw struck the stick and jerked my hand on it." Plaintiff further states that he could have easily seen the saw whirling under the table by stooping down and looking while cleaning out the dust box.

The specific negligence charged in the complaint is the defective character and placing of the saw. We are unable to find any evidence in the record to support this allegation. The evidence shows that the machine was an ordinary cut-off saw used in box factories for cutting off boards. It was securely fastened on a table five feet square, and worked all right so far as the evidence discloses.

The negligence pressed upon our attention in the argument was lack of proper instruction as to how to operate the saw. The evidence does not disclose any sort of complication in the machine or anything requiring special instruction. Nor can we discover from the evidence that any kind of instruction would have prevented the deplorable accident to

plaintiff's hand. The plaintiff was not injured while saw-
ing boards. He was injured, according to his own evidence,
by running his hand under the table without looking where
he put it. The foreman could not have imparted to plaintiff
any further information than he already had. The plaintiff
had equal knowledge with the foreman as to the dangers in-
cident to operating the saw, and he had sufficient discretion,
so far as age and experience go, to appreciate the peril. The
plaintiff knew the danger incident to cleaning out the saw
dust box with the circular saw revolving rapidly just above
it as well as the foreman could have told him. He knew the
saw was there and that it was in rapid motion and highly
dangerous. It would have been of no service to the plaintiff
to have been told by the foreman to be careful and not come
in contact with it. *Kiser v. Barytes Co.,* 131 N. C., 610.

While the accident to plaintiff's hand is to be lamented, we
are unable to find in the record any evidence of negligence
upon the part of defendant which caused the injury.

New Trial.