B. E. NOBLE v. JOHN L. ROPER LUMBER COMPANY.

(Filed 29 September, 1909.)

1. Master and Servant — Negligence — Instruction of Foreman — Proximate Cause.

The defendant is liable to the plaintiff, its employees, for an injury received while removing a shiver from a sawmill in the course of his employment, when it appears that it was necessary for him to remove it, and that he was required by his foreman to do so when the saw was running, the only safe method being to stop the saw before doing so; and such negligent act of the foreman was the proximate cause of the injury.

2. Negligence—Safe Appliances—Evidence.

There is no evidence of the failure of the employer to furnish the employee with proper appliance to remove shivers at a sawmill, when it does not appear that there is any special appliance in general use for the purpose.

3. Issues—Burden of Proof—Harmless Error.

When the burden is upon plaintiff on two issues of negligence, and the verdict on one of them is sufficient to sustain the judgment, it is harmless error for the judge to have submitted the other on which there was no evidence, and in the disjunctive erroneously instruct the jury thereon.

4. Negligence—Instructions of Foreman—Rule of the Prudent Man.

Under the evidence in this case the removal of a shiver by the plaintiff from the planing machine, while it was running, was not obviously so dangerous as to make it plaintiff's duty to refuse to obey the instructions of the foreman to do so.

APPEAL from *Cooke, J.,* April Term, 1909, of CRAVEN.

Civil action to recover damages for personal injury received by plaintiff while working in defendant's mill.

The usual issues of negligence, contributory negligence and damage were submitted. From a verdict and judgment for plaintiff the defendant appealed.

*D. L. Ward* and *W. D. McIver* for plaintiff.
*Moore & Dunn* for defendant.

BROWN, J.  The uncontradicted evidence in this case tends to prove these facts.  Plaintiff was injured in November, 1906, while feeding the planing mill.  He was working under one Chapman, who was the foreman of the machine.  A shiver of wood became fastened under the guide.  It was necessary to remove this.  The grader, who was present, called plaintiff's attention to the fact that there was a streak on the board, caused by the shiver.  Plaintiff shut the feed off and went to remove the shiver.  The company did not furnish any appliance of any kind for removing such shivers of wood.  It was customary to pick up a stick from the floor to remove them.  The foreman had often done this in the presence of the plaintiff.  Chapman, the foreman, had often told the plaintiff not to remove his belt and stop the machine when a shiver of wood got under the guide. At other times, when plaintiff would offer to stop the machine to remove the shivers and Chapman was not near enough to speak to him, on account of the noise made by the various machines, he would wave his hand to the plaintiff not to stop.

There are two allegations of negligence set out in the complaint, viz.:

1. Refusing to permit plaintiff to shift the belt and stop his machine long enough to remove the shiver, and directing him to remove it while running.

2. A failure to furnish a proper appliance with which to remove shivers.

There were the usual motions to nonsuit, which were overruled.

We find many exceptions in the record which, in the view we take of the case, it is unnecessary to discuss.

The principal exception is to the following charge: "The court instructs the jury that, in order to find the first issue in the affirmative, they must be satisfied by the greater weight of the testimony (1) that the foreman under whom he was placed to work directed him to remove the shiver without stopping the machine; (2) that the defendant failed to exercise reasonable care in furnishing to the plaintiff a reasonably safe appliance for removing the shiver while the machine was running."

We agree with the learned counsel for the defendant that there is nothing to support the second alleged ground of negligence, for the reason that there is no evidence that there is any kind of appliance in general use adapted for the safe removal of shivers when they obstruct the guide.  The only appliance, so far as the evidence discloses, for the purpose, is an ordinary stick, which was used by the foreman as well as by plaintiff.

And if the charge quoted had been in the disjunctive, we should be compelled to direct another trial, because we would be unable to determine upon which ground of negligence the jury acted. But his Honor put the burden on the plaintiff to prove both grounds of negligence in order to entitle him to a verdict, and therefore if there is evidence to support either it is sufficient to sustain the verdict.

It is elementary learning that it is the duty of the master to furnish his servant a reasonably safe method, as far as practicable, for doing his work. The only safe manner of removing the shiver was to disconnect the belt and momentarily stop the particular machine plaintiff was operating. When left to himself plaintiff did this, and, of course, escaped injury. To save time, the foreman forbade him to stop the machine and directed him to remove the shiver while running. The plaintiff did as he was ordered and was injured.

We think it was a false economy of time to forbid the plaintiff to do what ordinary care and prudence prompted him to do, and that the defendant is responsible for Chapman's negligence. *Tanner v. Lumber Co.,* 140 N. C., 475, and cases cited; *Shaw v. Mfg. Co.,* 146 N. C., 236; *Avery v. Lumber Co.,* 146 N. C., 592.

Chapman represented the defendant and had the right to give orders to plaintiff, and therefore if he failed in his duty the defendant is liable for his acts. *Tanner v. Lumber Co., supra.*

If Chapman had ordered plaintiff to do something obviously dangerous and which a reasonably prudent man, under similar conditions, would not do, then it would have been plaintiff's plain duty to refuse. But it was not so obviously dangerous to undertake to remove the shiver with a stick. The plaintiff had seen the foreman do it, and was following his instructions when the foreman refused to allow him to shift the belt off the pulley and stop the machine.

The refusal was the direct cause of plaintiff's injury.

We have examined the exceptions discussed in the defendant's brief, and find no reversible error. The judgment is

Affirmed.