M. O. HOLTON v. JOHN L. ROPER LUMBER COMPANY.

(Filed 2 March, 1910.)

1. Master and Servant—Instructions of Supervisor—Dangerous Work—Rule of the Prudent Man—Questions for Jury.

When an employee has been instructed by his superior to direct another, an inexperienced employee, in working at a dangerous machine, the instruction of the former is the instruction of the master, and where there is evidence that a negligent order was given by him, which a reasonably prudent man would not have given, which proximately caused the injury complained of, the case should be submitted to the jury.

2. Same—Safe Place to Work.

And the result is the same when there is evidence of a safe, as well as an unsafe place in which to do the work, as more than one inference may be drawn as to defendant's negligence and the proximate cause.

3. Master and Servant—Instructions to Servant—Inexperienced Servant—Dangerous Machinery—Warning—Questions for Jury.

If an employee is instructed by his superior to do a dangerous act, without warning against the danger, he having had no previous experience therein, the question of the employer's negligence is one for the jury.

APPEAL by defendant from *Councill, J.,* at December Term, 1909, of PAMLICO.

The facts are stated in the opinion.

*Simmons, Ward & Allen* and *D. L. Ward* for plaintiff.
*Moore & Dunn* for defendant.

CLARK, C. J. The plaintiff had been employed by the defendant for two weeks in its sawmill, as a common laborer. He was a young man without experience in the use of machinery. The foreman then sent for the plaintiff and told him that a workman around the machinery had been discharged and he wanted the plaintiff to help Hadder, the chief oiler, and to do whatever Hadder told him to do. Plaintiff testified: "Hadder told me how to oil the machinery, and after I had been there two or three days Hadder told me to raise the hood of the 'hog' and sharpen the knives; he said that if I knew how, I could throw the rope around the shafts and could raise the cap of the hog machine while he was raising it upstairs; I said I did not know how to do it, and he said he would show me how; two or three days later when the knives were to be sharpened, Hadder got the men in the lathe-room to raise the steel chute; he showed me how to take the rope and put about two hitches around the

shaft so as to save us the strain; the shaft was running about 200 revolutions a minute; he went upstairs and left me on the first floor to do the work as best I could; the third time I did this the rope ran a little across. I pulled the rope and it slipped for some cause and reversed the action of the shaft, caught my hand, jerked it into the shafts, crushing my arm from the wrist to the elbow, breaking it all to pieces and breaking several of my ribs and my shoulder blades; the rope also caught me around my throat, my body, my side, and my head." He then described his physical injuries in detail. Hadder testified that he did not warn plaintiff of the danger in raising the hood by throwing the rope over the shaft. The plaintiff, who was a "green" man without any experience whatever, threw the rope over the shaft as he had been instructed to do by Hadder, his foreman, and when he attempted to pull the rope and raise the hood he was jerked into the machine and injured as above described.

At the close of all the evidence the motion of the defendant to dismiss the action was allowed. This was error. The plaintiff was told to obey the instructions of Hadder, and henceforward the instructions of Hadder became the instructions of the defendant. Hadder instructed the plaintiff to raise the hood by throwing a rope around the revolving shaft and pulling the rope, without warning plaintiff as to the danger of doing so. Where one having authority to give orders to another, who is inexperienced, gives a negligent order which a reasonably prudent man would not give, and the servant is injured in attempting to obey said order, and the giving said order was the proximate cause of his injury, the servant is entitled to recover. *Avery v. Lumber Co.,* 146 N. C., 592; *Chesson v. Walker, ib.,* 511; *Noble v. Lumber Co.,* 151 N. C., 76; *Shives v. Cotton Mills, ib.,* 290.

Where there is evidence tending to show that an injured employee did not have a reasonably safe place to work, or was not instructed as to the danger attending the act he was told to do, the question whether it was a reasonably safe place to work or whether the failure to warn him of the danger was the proximate cause of the injury should be submitted to a jury. The evidence that there was a safe way to do this act did not warrant the withdrawal of the case from the jury in view of the evidence in the case. When more than one inference can be drawn as to the negligence, or the proximate cause, it is for the jury to determine. *Dorsett v. Mfg. Co.,* 131 N. C., 254; *Marks v. Cotton Mill,* 138 N. C., 401.

· If an employee is instructed to do a dangerous act, without warning against the danger, he having had no previous experience in doing the act, the question of the defendant's negligence is for the jury.  *Craven v. Mfg. Co.,* 66 S. E., 203; *Wood v. McCabe, ib.,* 433.

Reversed.