## A. C. ROGERS v. WHITING MANUFACTURING COMPANY.

(Filed 20 December, 1911.)

1. **Master and Servant—Dangerous Machinery—Safe Place to Work —Appliances—Negligence.**

    It is actionable negligence for the master to fail to provide
    for his servant employed to work in a plant where the machinery
    is more or less complicated and driven by mechanical power, a
    reasonably safe place to work, and implements and appliances
    reasonably safe and suitable for the work in which he is engaged,
    such as are approved and in general use in plants of like char-
    acter.

2. **Same—Evidence.**

    The servant was injured while at work in a woodworking
    plant of the master, at a lathe machine, and introduced evidence
    tending to show that the cause of the injury was the failure of
    the defendant to furnish a guard or shield to go over the ma-
    chine to prevent its throwing splinters and pieces of wood back,
    and that the guards or shields were approved and in general
    use in plants of like character: *Held*, sufficient to go to the jury
    upon the question of defendant's negligence.

3. **Same—Approved and in General Use.**

    In an action by the servant for damages alleged to have been
    caused him by the failure of the master to furnish a shield or
    guard for his protection from flying splinters and wood from a
    lathe, at which he was at work, there was evidence tending to
    show that such shields and guards were in use in nine different
    plants of like character as the one at which the plaintiff was at
    work, and testified to by witnesses of experience to be approved
    and in general use: *Held*, not error for the trial judge to re-
    fuse to instruct the jury that if they find from the evidence that
    these shields and guards were in use in four places particularized
    from the evidence, it was not sufficient to show a general custom.

### 4. Same—Proximate Cause.

The master failed to provide the servant with an appliance for his protection while working at a machine driven by mechanical power. There was evidence tending to show that the injury complained of would not otherwise have been caused: *Held*, the question of proximate cause does not solely depend upon whether the appliance was known and in general use; for the master would be liable if the injury was caused by the absence of the appliance, if the failure of the master to supply it was a want of reasonable care on his part.

### 5. Appeal and Error—Brief—Exceptions Deemed Abandoned.

Assignments of error in the record excluded from the brief are regarded as abandoned in the Supreme Court on appeal.

Appeal by defendant from *Cline, J.,* at March Term, 1911, of Graham.

*Morphew & Phillips for plaintiff.*
*Davis & Davis for defendant.*

Clark, C. J. This is an action for damages for an injury sustained while operating a lathe machine for the defendant. The plaintiff contended that the proximate cause of his injury was the failure of the defendant to furnish a guard or shield to go over the saws to prevent their throwing splinters and pieces of wood back, by reason of which defect the plaintiff was injured.

It is settled law in this State, "That an employer of labor to assist in the operation of railways, mills, and other plants where the machinery is more or less complicated, and more especially where driven by mechanical power, is required to provide for the employees in the exercise of proper care a reasonably safe place to work, and supply them with machinery, implements, and appliances reasonably safe and suitable for the work in which they are engaged and such as are approved and in general use in plants and places of like kind and character." *Hicks v. Manufacutring Co.,* 138 N. C., 325, citing *Witsell v. R. R.,* 120 N. C., 557, and *Marks v. Cotton Mills,* 135 N. C., 287, and which is itself cited and approved in *Helms v. Waste Co.,* 151 N. C., 372.

The first nine of the defendant's exceptions are to the introduction of evidence tending to show that guards or shields were

ROGERS *v.* MANUFACTURING Co.

in general use in machines of like character or kinds. But such evidence is competent, and in this case it was shown that the witnesses had seen nine different mills in which such guards were in use. This was sufficient to justify the court in leaving it to the jury to find whether the defendant had been guilty of negligence in not having a protection of this kind, and it was not error to refuse a prayer, "Even if the jury shall find a mill in Georgia, one in Tennessee, one in Andrews, and one in Swain County has machines upon which were shields or hoods, this is not sufficient to show a general custom." The prayer was properly refused, for the evidence was there were at least nine mills as to which the evidence showed use of these shields over saws, though it is true that as to some of them the lathe machines were not in use in a sawmill, as was the case here, but that was immaterial.

Nor was it error to refuse the defendant's prayer to charge that "Unless the plaintiff has shown by the greater weight of evidence that these hoods or shields were in general use, the jury could not consider as proximate cause any injury caused by a chip flying out and striking the plaintiff." If the flying out of the chip was caused by the absence of the shield or hood, and the jury should further find that this would have been prevented by the use of the shield or hood, and the failure to provide such was want of reasonable care on the part of the defendant, it would be liable. *Mason v. R. R.,* 111 N. C., 482.

The plaintiff in his brief restricts himself to the first ten assignments of error, thus under the rule abandoning the others, which hence need not be discussed. This case, in its general features, resembles *Sims v. Lindsay,* 122 N. C., 678, which has been often cited, see notes in Anno. Ed.

No error.