V. G. LYNCH v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY.

(Filed 3 December, 1913.)

1. **Master and Servant — Dangerous Work — Assumption of Risk— Safe Appliances—Duty of Master—Negligence.**

   It is the duty of the employer to furnish his employee such tools and appliances to do the work required of him as are reasonably safe, under the rule of the prudent man; and where the character of the work is dangerous, the employee only assumes the risk incident to its dangerous character, and not that caused by the omission or neglect of the employer in the performance of the duties required of him for the employee's greatest security.

2. **Same—Trials—Negligence—Evidence—Nonsuit.**

   In an action to recover damages from an employer for a personal injury alleged to have been negligently inflicted upon its employee, there was a motion as of nonsuit upon evidence tending to show that the plaintiff was employed at the time of the injury in unloading coal from a gondola car, opening at the bottom and dumping the coal into the tender of a locomotive beneath; and while he was using a pick for the purpose, as was customary with him, he was peremptorily instructed to use a shovel instead, the latter being a more dangerous method, and in consequence thereof he received the injury: *Held,* under this evidence, viewed in the light most favorable to the plaintiff, as required, a judgment of nonsuit was properly disallowed, there being sufficient evidence of defendant's actionable negligence to take the case to the jury; and, further, there was no evidence of contributory negligence. *Orr v. Telephone Co.,* 132 N. C., 691.

LYNCH v. R. R.

APPEAL by defendant from *Justice, J.,* at February Term, 1913, of RUTHERFORD.

Action for personal injury and damages caused by defendant's negligence. Plaintiff was employed by defendant as hostler helper, and assigned by his superior, or boss, to empty coal from a car or gondola, which was standing on a trestle. The coal was piled up in the hopper car, which had an opening in the bottom, through which the coal would drop into the chute and thence into the tender of the engine underneath. The coal was of a large size. He had been doing this kind of work safely with a pick for ten months before the day of his injury. He was ordered to unload a car and proposed to use a pick, when he was told to use a shovel. He then said, "I will take a pick," whereupon his boss gruffly ordered him to use the shovel. Plaintiff preferred to use a pick, which, he said, is safer than a shovel in doing the particular work, and he stated in his testimony in what respects it is safer. It renders the work easier and increases the chances of safety by affording a better opportunity than would the shovel-method of preventing the coal from striking you as it slides down the sides of the hopper, through the bottom of the car and the chute, into the tender. Defendant moved for a nonsuit, which the court refused, and defendant excepted. Verdict as follows:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury? Answer: No.

3. What damage, if any, is plaintiff entitled to recover of defendant? Answer: $250.

Judgment thereon, and appeal by defendant.

*Pless & Winborne and York Coleman for plaintiff.*

*J. J. McLaughlin and Quinn, Hamrick & McRorie for defendant.*

WALKER, J., after stating the case: It seems clear to us that the question of defendant's negligence was one for the jury. There is but one exception, that the court denied the motion for

a nonsuit. We must, therefore, view the evidence most favorably for the plaintiff, and if there is any phase of it which, if found by the jury, entitles him to recover, it presents a case for them, instead of one for a nonsuit.

We have said in numerous decisions that the master owes the duty to his servant, which he cannot safely neglect, to furnish him with proper tools and appliances for the performance of his work, and he does not meet fully the requirement of the law in the selection of them, unless he uses the degree of care which a person of ordinary prudence would exercise, having regard for his own safety, if he were supplying them for his own use. *Marks v. Cotton Mill,* 135 N. C., 287; *Avery v. Lumber Co.,* 146 N. C., 595; *Mercer v. R. R.,* 154 N. C., 399. The master should, in the exercise of such care, provide reasonably safe tools, appliances, and surroundings for his servant while doing the work. *Dorsett v. Manufacturing Co.,* 131 N. C., 254; *Witsell v. R. R.,* 120 N. C., 557; *Orr v. Telephone Co.,* 132 N. C., 691.

We have said that the rule which calls for the care of the prudent man is, in such cases, the best and safest one for adoption. It is perfectly just to the employee and not unfair to his employer, and is but the outgrowth of the elementary principle that the employee, with certain statutory exceptions, assumes the ordinary risks and perils of the service in which he is engaged, but not the risk of his employer's negligence. When the injury to him results from one of the ordinary risks or perils of the service, it is the misfortune of the employee, and he must bear the loss, it being *damnum absque injuria;* but the employer must take care that ordinary risks and perils of the employment are not increased by reason of any omission on his part to provide for the safety of his employee. To the extent that he fails in this plain duty, he must answer in damages to his employee for any injuries the latter may sustain which are proximately caused by his negligence, and not by the negligence of the employee. *Marks v. Cotton Mill, supra.* These principles are familiar, and the difficulty generally arises in their application; but we do not think there is any in this case.

Here the employee wanted to use a safe implement, one which he had been using for some time with safety and efficiency, and the employer interfered and compelled him, under a menace of discharge (for the plaintiff, as it appears, knew and realized the consequence of disobedience), to use one which was not so well adapted to the work and was more dangerous to the employee, who was proximately injured thereby. This makes out, at least, a case for the jury.

It appeared in *Simpson v. R. R.,* 154 N. C., 51, and *Warwick v. Ginning Co.,* 153 N. C., 262, relied on by appellant, that the work was simple, and the servant was permitted to do it in his own way, without compulsion by the master as to any particular method of doing it, which distinguishes them from this case, where he was peremptorily ordered to use the shovel. It is, therefore, the case of a master requiring the servant to do his work in a dangerous way, by which he is hurt.

In *Whitson v. Wrenn,* 134 N. C., 86, the master had instructed the servant to do the work in a way that was safe, and he elected to disobey the order and do it in a dangerous way, and we held that he could not recover for the injury caused by a departure from his instructions, because the fault was all his own.

Not so here, but the contrary. It is the converse of that case. The servant selected a safe method of doing the work, and the master ordered him to desist and do it in a dangerous way. The injury was, therefore, caused by the master's fault, and fixes him with responsibility for it. There is no pretense that the servant was guilty of any contributory negligence, and could not be, under the facts. *Orr v. Telephone Co., supra.*

We have just decided a case at this term, which is analogous to the one at bar (*Breeden v. Manufacturing Co.,* 163 N. C., 469), where the plaintiff was injured in cleaning a tentering machine. He was performing the work in a safe way, when his boss ordered him to stop and change his method to one which was dangerous. We held the master liable, there being no contributory negligence, as he had substituted a hazardous for a safe method of doing the work by an order which the servant

R. R. *v.* BAIRD.

was bound to obey. There was some evidence of negligence, and this is sufficient upon a motion to nonsuit.

The case is free from any error that we have been able to discover.

No error.