NEWTON HOWARD v. BUCKEYE COTTON OIL COMPANY.

(Filed 28 November, 1917.)

1. **Principal and Agent — Vice-Principal — Negligence — Orders—Employer and Employee.**

    A negligent order of a vice-principal which proximately causes an injury to an employee in its execution, without contributing cause on his part, may be actionable against the employer, though the machinery and place of work may be all that is required ; and the negligent omission of the vice-principal to warn the employee of a danger apparent to him and not to the employer, having opportunity to do so, may also become actionable against the employer.

2. **Same—Evidence—Questions for Jury—Trials—Contributory Negligence.**

    An inexperienced employee at a cotton-oil mill was injured while at work at a linter machine for preparing the cotton seed for manufacture into oil, by passing them through rapidly revolving power-driven circular saws on a cylinder, protected by an outer covering, operated by levers when the cylinder is removed for the purpose of sharpening the saws. In the employee's action against the company there was evidence tending to show that he and his vice-principal were preparing to remove the cylinders, the plaintiff not being in position to see that the saws were revolving ; that the vice-principal's position was such that he could see them when he said, "Let's get them out," and in consequence the plaintiff put his hand into the machine and received the injury complained of : *Held*, sufficient of

defendant's actionable negligence to take the case to the jury, and, if the facts are found in accordance with the evidence, to free the plaintiff of the charge of contributory negligence.

CIVIL ACTION, tried. before *Cline, J.,* and a jury, at February Term, 1917, of MECKLENBURG.

The action was to recover damages for physical injuries, caused by the alleged negligence of defendant company, and by reason of which, on October 3 or 4, 1916, plaintiff, an employee of the defendant, assisting in the operation of linter machines in defendant's mill, had his hand badly lacerated and permanently injured, from which he still suffers.

On denial of liability and plea of contributory negligence, the jury rendered the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff contribute to his injury by his own negligence, as alleged in the answer? Answer: No.

3. What damages, if any, is plaintiff entitled to recover? Answer: $1,200.

Judgment on the verdict, and defendant excepted and appealed.

*F. M. Redd and John M. Robinson for plaintiff.*
*Clarkson & Taliaferro and F. O. Clarkson for defendant.*

HOKE, J. It was chiefly urged for error that the court overruled defendant's motion to nonsuit, but, on the record, such a motion could not be sustained. There was evidence on the part of plaintiff tending to show that on 3 October, 1916, plaintiff, an inexperienced hand, as employee of defendant company, was engaged with others in operating the linters in defendant's mill, these linters being machines whereby the lint cotton is removed from the seed, preparatory to their being manufactured into oil; that the linter, speaking generally, consisted of a saw cylinder, containing around its face large numbers of sharp, fine saws, and having a covering, called the under-breast, so constructed that by the revolutions of the saw cylinder, amounting, when in operation, to from 400 to 700 and 800 a minute, the lint cotton, as stated, was stripped from the seed; that when these saws become dull the method is to remove the cylinder and insert another, this being done by raising the covering by means of a lever on the left of the machine, then lifting out the saw cylinder by hand, and the only safe way to do this is to stop the machine. The movement of the machine is controlled by a lever on the right side, and one standing on that side is in a position to observe and note whether the machine is in motion; but on the left, termed by the witness "the blind side," this could not be seen; that on this occasion, while plaintiff

was on the left or blind side of the machine, and had raised the covering, preparatory to lifting out the saw cylinder, one Lew Jones, who had taken part in clearing the machine for the purpose, and who stood towards plaintiff, in the position of vice-principal, standing on the right of the machine, where he could see and note whether the same was in motion, called to plaintiff, "Let's get them in," whereupon plaintiff extended his hand under the breast to remove the saw cylinder, and, same being in motion, plaintiff's hand was lacerated, etc., from which he still suffers. Speaking directly to the occurrence, plaintiff, a witness in his own behalf, testified in part as follows: "Just before I was hurt, I was sitting back there and had finished my supper. It was about 4 o'clock in the morning. Lew had called me and was ready to put in the saw cylinder, and I come down there and says, 'Which one,' and he says, 'This one over here,' and he come behind me and helped me to shake down the seeds, and then I moved back the chute, and he helped me take off the top piece of the breast and laid that aside, and he went on by, and I raised my lever from the saw cylinder, throwed the belt, and began to clear up the seed down there, and Lew said, 'Let's get them in,' and I went to raise my breast with the hook, and in just a minute my hand was stuck, and Lew came up. Lew was standing on the right-hand side of the other gin when he said, 'Let's get them in'—I reckon, about 4 or 5 feet away from me. He could see the pulleys on the right-hand side. I was on the left-hand side, and he was on the right, and that is where this main pulley pulls them saw cylinders. I was working on the blind side of the pulley. After Lew and I took off the top breast, I raised the lever on the right-hand side. That raised the under breast a little off the saw cylinder. After that under breast is raised, you can't tell whether the cylinder is running or not; can't see it at all. After the lever is raised up off of the saw cylinders it would be underneath, and you can't tell they are running."

Accepting this testimony as true, the rule uniformly prevailing on motions of this character, it permits the inference that defendant was negligent and that plaintiff himself was free from fault, and his Honor made correct decision in denying the motion to nonsuit.

It is well recognized that, although the machinery and place of work may be all that is required, liability may, and frequently does, attach by reason of the negligent orders of a foreman, or boss, who stands towards the aggrieved party in the place of vice-principal. *Ridge v. R. R.,* 167 N. C., 510; *Myers v. R. R.,* 166 N. C., 233; *Holton v. Lumber Co.,* 152 N. C., 68; *Noble v. Lumber Co.,* 151 N. C., 76; *Wade v. Contracting Co.,* 149 N. C., 177.

On this testimony, it was a clear breach of duty in such a person to give an order naturally importing a direction to proceed when the

machine was in motion and when he was in a position affording full opportunity to see and note the fact; and if, as defendant contends, the speech of the foreman did not amount to a positive direction to remove the cylinder, standing as he was, where he could see that the machinery was in motion, having just assisted in shaking down the seed, preparatory to removing the cylinder, it was a negligent breach of duty not to have warned plaintiff to desist till the machine had stopped. In any aspect of the matter, therefore, the facts in evidence on the part of plaintiff required that the issues be submitted to the jury. In *Holton v. Lumber Co., supra,* and on matters directly relevant to the question presented, it was held: "When an employee has been instructed by his superior to direct another, an inexperienced employee, in working at a dangerous machine, the instruction of the former is the instruction of the master; and where there is evidence that a negligent order was given by him, which a reasonably prudent man would not have given, which proximately caused the injury complained of, the case should be submitted to the jury."

And in *Noble v. Lumber Co.,* 151 N. C., 76, *supra:* "The defendant is liable to the plaintiff, its employee, for an injury received while removing a shiver from a sawmill, in the course of his employment, when it appears that it was necessary for him to remove it, and that he was required by his foreman to do so when the saw was running, the only safe method being to stop the saw before doing so; and such negligent act of the foreman was the proximate cause of the injury."

In our opinion, these cases are in full support of his Honor's ruling, denying the nonsuit, and his judgment to that effect must be affirmed. The case of *Mathis v. Manufacturing Co.,* 140 N. C., 530, cited and much relied upon by defendant, does not sustain his position. There, an employee, clearing away the sawdust around a circular saw, ran his hand on the saw when it was in motion and was injured. The movement of the saw could have been readily observed by the claimant, and there were no negligent directions from a vice-principal to mislead him to his hurt. The case is not apposite to the facts presented by this record, and judgment for plaintiff must be affirmed.

No error.