DAVID HOWELL, BY HIS NEXT FRIEND, MARY PARKER v. UTILITY
MANUFACTURING COMPANY.

(Filed 11 March, 1925.)

1. **Negligence—Evidence—Nonsuit—Employer and Employee—Master and Servant.**

In an action to recover damages by an employee for a personal injury alleged to have been received through his employer's negligence, there was evidence tending to show that his employment was changed to the dangerous one of assisting at a saw table operated by electricity, without experience or instruction; that the edge of the saw was only visible above the table through a narrow slit that had become worn permitting pieces of the sawed product to fall beneath with the sawdust, which the plaintiff, 18 years of age, removed, and was informed by his superior or vice-principal that this was right, and to continue to do so when the saw became clogged, and that soon thereafter on the same day, the plaintiff was injured by his hand being drawn to the saw by a piece of wood that had fallen beneath the saw table that he was attempting to remove to relieve the clogged condition of the saw. *Held*, a motion of judgment as of nonsuit was properly denied. *Mathis v. Mfg. Co.*, 140 N. C., 531, cited and distinguished.

2. **Same—Issues—Contributory Negligence—Assumption of Risks—Appeal and Error.**

*Held, further*, under the evidence in this case, it was not reversible error for the court to withdraw from the consideration of the jury the issue of assumption of risks and submit the question of the defendant's liability upon the issues of defendant's negligence, and the plaintiff's contributory negligence. *Pressly v. Yarn Mills*, 138 N. C., 410, cited and applied.

APPEAL by defendant from *Barnhill, J.*, at October Term, 1924, of WAYNE.

Civil action to recover damages for an alleged negligent injury, sustained by plaintiff while in the employment of the defendant.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered by them in favor of plaintiff. From the judgment rendered thereon, defendant appeals, assigning errors.

*Hugh Dortch and Dickinson & Freeman for plaintiff.*
*Langston, Allen & Taylor for defendant.*

STACY, J. The defendant's chief assignment of error, or the one most strongly urged on the argument and in its brief, is based on the exception addressed to the refusal of the court to grant its motion for judgment as of nonsuit, made at the close of plaintiff's evidence. The defendant offered no testimony.

Viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion of this kind, the following facts may be taken as established, or as reasonable inferences to be drawn from the testimony of the several witnesses:

The plaintiff, a young man about 18 years of age at the time of his injury, was employed by the defendant as a laborer in its veneer plant at Goldsboro, N. C. He was first assigned to work at the dry kilns, and after being so employed for about three weeks, was directed by the foreman of the factory to report for work at the ripsaw and to do whatever the operator of this machine instructed him to do. He had never before worked at a machine of this kind, though he had seen it running, and was given no warning as to the dangers incident to its operation, or instructions as to how his work should be done. He was simply informed by the foreman that he was to assist the operator of the machine, who would show him what to do.

The ripsaw referred to is a circular saw about 12 inches in diameter and is operated through a slit in a table, the surface of the table being approximately 5 feet square. A small portion of the saw extends above the table, while the remainder is below. The part of the saw beneath the table cannot be seen from above and is about 2½ feet from the edges of the table. The saw is set on an axle, operated by electricity and, when in use, revolves very rapidly. The slit in the table permits the saw to revolve, with a part of the blade extending above the table, and the surface of the table affords a platform over which the material to be cut is fed to the saw and then borne away. The slit is intended to afford only sufficient space for the saw to revolve freely. The northern side and western end of the slit had been worn away or cut out by some friction, enlarging it to such an extent as to permit small strips, as well as sawdust, to fall through and under the table and clog up the machine from time to time.

The first two days the plaintiff worked at this machine, the operator was engaged in sawing large pieces of veneered lumber into equal parts. No strips, therefore, were cut off, and the only refuse around the machine was sawdust which would pass through the slit in the table. This would not cause an accumulation in the course of a day sufficient to interfere with the operation of the machine. At the end of the day the plaintiff would clean out the sawdust which had accumulated under the table.

On plaintiff's third day the work at this machine was slightly changed. Instead of feeding the machine so as to cut the boards into pieces of equal size, they were sawed so as to cut from one edge of the boards a very narrow strip of only a fraction of an inch in width. Due to the worn and enlarged size of the slit, the strips, which should have

moved across the table, fell through the slit and clogged up the machine. Observing this fact, the plaintiff glanced under the table and seeing the strips piled up, started to remove them. The operator, seeing the plaintiff thus engaged, said: "That is right son," which was understood and intended as an instruction to him to keep the machine cleared of strips. Fifteen or twenty minutes after this instruction, the same condition arose and the plaintiff undertook to remove the strips, when one of them, being caught by the rapidly revolving saw, jerked plaintiff's hand into the blade of the saw and injured him severely.

Upon these, the facts chiefly pertinent, we think the case was properly submitted to the jury. The decision in *Mathis v. Mfg. Co.,* 140 N. C., 531, is not at variance with our present position, for there, as pointed out by the present *Chief Justice* in *Howard v. Oil Co.,* 174 N. C., 651, no immediate negligent direction from a vice-principal was given to mislead the plaintiff to his hurt, as was done in the instant case, according to the jury's finding.

"It is well recognized that, although the machinery and place of work may be all that is required, liability may, and frequently does, attach by reason of the negligent orders of a foreman, or boss, who stands towards the aggrieved party in the place of vice-principal." *Howard v. Oil Co., supra; Beck v. Tanning Co.,* 179 N. C., 123; *Thompson v. Oil Co.,* 177 N. C., 279. Speaking to the question in *Holton v. Lumber Co.,* 152 N. C., 68, *Clark, C. J.,* said: "Where one having authority to give orders to another, who is inexperienced, gives a negligent order, which a reasonably prudent man would not give, and the servant is injured in attempting to obey said order, and the giving said order was the proximate cause of his injury, the servant is entitled to recover," citing a number of authorities.

During the trial, the court announced that it would submit an issue on assumption of risk, but later withdrew it from the consideration of the jury, and allowed the question to be determined on the issue of contributory negligence. This cannot be held for reversible error on the present record. It is the established rule in this jurisdiction that the doctrine of assumption of risk, in cases where it is applicable, does not extend to and include risks and dangers incident to the employer's negligence. *Wallace v. Power Co.,* 176 N. C., 558. And speaking to the question of a separate issue in *Pressly v. Yarn Mills,* 138 N. C., 410; the present *Chief Justice,* said:

"In *Hicks v. Mfg. Co., ante,* 319, the Court has held that while the employee assumes all the ordinary risks incident to his employment, he does not assume the risk of defective machinery and appliances due to the employer's negligence. These are usually considered as extraordinary

risks which the employees do not assume, unless the defect attributable to the employer's negligence is obvious and so immediately dangerous that no prudent man would continue to work on and incur the attendant risks. This is, in effect, referring the question of assumption of risk, where the injury is caused by the negligent failure of the employer to furnish a safe and suitable appliance, to the principles of contributory negligence; but it is usually and in most cases desirable to submit this question to the jury on a separate issue as to assumption of risk, as was done in this case. When the matter is for the jury to determine on the evidence, it may be well to submit this question to their consideration on the standard of the prudent man, in terms as indicated above. The charge on the third issue substantially does this, and the language used is sanctioned by the authorities." See, also, *Hall v. Chair Co.,* 186 N. C., 469.

A careful perusal of the entire record leaves us with the impression that the case has been tried in substantial accord with the law as heretofore declared in our decisions; and on the exceptions, as presented, the verdict and judgment must be upheld.

No error.