JAMES JEFFERSON v. CITY OF RALEIGH.

(Filed 9 November, 1927.)

1. **Master and Servant—Employer and Employee—Negligence—Safe Place to Work—Safe Instrumentalities—Evidence—Questions for Jury.**

Where the evidence is conflicting as to whether a city, in the exercise of due care, had failed to provide its employee with a safe method of cutting in two a cast-iron pipe, and such as were known, approved and in general use, but instead required him to use a heavy sledge-hammer with which to strike a chisel held by another employee for the purpose: *Held,* the city is liable for the damages directly and proximately caused

to the plaintiff's eye by a fragment of the pipe flying off from the blows of the hammer, and the evidence being conflicting the question of defendant's liability is properly submitted to the jury.

**2. Same—Damages.**

Where the master has been negligent in providing for his servant a safe method to do the work required of him, within the scope of his employment, in the exercise of ordinary care, it is not necessary to hold the master liable, that the particular injury caused thereby would result, but that injury would be likely to follow as a cause of his negligent act.

**3. Master and Servant—Employer and Employee—Evidence—Safe Instrumentalities—Safe Place to Work—Cross-Examination—Impeaching Evidence.**

In an action for damages against the master for his negligence in not providing a safe method for the servant to do his work, wherein the evidence is conflicting as to whether the master should have furnished, in the exercise of due care, other and safer methods known, approved and in general use, and defendant's witness has testified on direct examination that the instrumentality furnished was the proper one, it is competent, on cross-examination and in contradiction, to bring out from him evidence to the effect that after the injury the master had adopted the method contended by the plaintiff to be the safer one.

CIVIL ACTION, before *Devin, J.,* at Third April Term, 1927, of WAKE.

This was a civil action for damages resulting from personal injury sustained by the plaintiff.

The evidence tended to show that the plaintiff was employed by the city of Raleigh as a laborer in digging ditches, and that on 27 May, 1926, he was instructed by the foreman to take a ten-pound sledge-hammer and assist the foreman in cutting a cast-iron pipe. The foreman held a cleaver or chisel in his hand placed upon the pipe, and the plaintiff was required to hit the cleaver with a sledge-hammer, thus cutting the pipe. The plaintiff struck the cleaver or chisel with the sledge-hammer and a shiver of iron or steel from the hammer or pipe struck him in the eye, resulting in blindness.

The pertinent allegation of negligence is as follows: "In that the defendant negligently, carelessly and wrongfully adopted an unsafe method and an unsafe means of cutting said iron pipe when there was a reasonably safe method of performing such services, in that the defendant was attempting to cut the six-inch cast-iron water main with chisel and sledge-hammer when the usual and ordinary method of cutting such pipes at said times, and for a long time prior thereto, was by the use of a saw or pipe-cutter, which said devices were in general and accepted use by others under similar conditions, and said devices were accessible and easily obtainable."

The theory of liability advanced by the plaintiff is that the sledge-hammer was a very heavy instrument for the purpose for which it was

used, and that a reasonably prudent person could foresee that shivers of steel or iron were likely to fly from the chisel or pipe from a blow with this heavy instrument. The defendant denied that it was negligent, and offered evidence tending to show that the method adopted by it in cutting the pipe was reasonably safe and in general use.

Upon the issues submitted to the jury the question of negligence was resolved against the defendant and damages in the sum of $2,500 awarded.

From the judgment upon the verdict the defendant appealed.

*Douglass & Douglass, R. N. Simms, R. L. McMillan and R. Roy Carter for plaintiff.*

*Thomas W. Ruffin and C. W. Beckwith for defendant.*

BROGDEN, J. The law of this State is that an employer of labor is required to exercise ordinary care in providing employees with reasonably safe methods and means to do the work for which they are employed. Thus, in *Noble v. Lumber Co.,* 151 N. C., 76, it is said: "It is elementary learning that it is the duty of the master to furnish his servant a reasonably safe method, as far as practicable, for doing his work." Again, in *Terrell v. Washington,* 158 N. C., 282, it is held: "The master fails to supply a safe place for work if he allows work to be conducted there in a manner needlessly dangerous to servants." To the same effect is the ruling in *Tate v. Mirror Co.,* 165 N. C., 273, as follows: "Whether it was practical for the defendant to use any other device than a metal pipe for the purpose of insuring safety to its employee, and whether ordinary prudence required the use of it, were questions for the jury, which were properly submitted to them. If the situation called for the use of a different device, and this would have appeared to the ordinarily careful man, under the same circumstances, it was the duty of the defendant to supply it, instead of needlessly subjecting his servant to danger." The opinion of the Court, quoting from *Smith v. Baker,* A. C., 325, proceeds: "An employer is bound to carry on his operations so as not to subject those employed by him to unnecessary risk, and he is not less responsible to his workmen for personal injury occasioned by a defective system of using machinery than for injury caused by defect in the machinery itself." *Thomas v. Lawrence,* 189 N. C., 521.

The trial judge submitted this phase of the case squarely to the jury in the following charge: "It was the duty of the defendant in the exercise of ordinary care to provide its servants and employees with reasonably safe places and safe tools and appliances to work with, and to

provide them with reasonably safe methods and means to do the work for which they are employed and in which they are engaged."

In view of the method of cutting the pipe adopted by the defendant, could a reasonably prudent person in the exercise of due care have foreseen that injury was likely to occur? It is not essential that the particular injury could have been foreseen, but that some injury was likely to flow from the method used in performing the work. This principle of liability first announced in *Drum v. Miller,* 135 N. C., 204, flows through the decisions without a break, but with increasing volume. *Hall v. Rinehart,* 192 N. C., 706. This phase of the case was also properly presented to the jury by the trial judge. The case of *Rogers v. Mfg. Co.,* 157 N. C., 484, is similar in principle to the case at bar. In that case splinters and pieces of wood flew out of the machine injuring plaintiff. The Court said: "If the flying out of the chip was caused by the absence of the shield or hood, and the jury should further find that this would have been prevented by the use of the shield or hood, and the failure to provide such was want of reasonable care on the part of the defendant, it would be liable."

So, in the present case, if a lighter hammer or hack-saw, or goggles to protect the eyes of the workman, should have been provided in the exercise of that prevision which the law requires, or if a person of ordinary prudence could reasonably foresee or anticipate that injury would likely flow from the method employed, the defendant would be liable. The controverted questions and issues were submitted to the jury under a fair and comprehensive charge, and the judgment is upheld.

The defendant excepted to the testimony of one of its witnesses on cross-examination to the effect that goggles had been provided for employees after the injury. Nothing else appearing, this evidence was incompetent. *Shelton v. R. R.,* 193 N. C., 670. But the record discloses that the same witness on direct examination testified that: "The wearing of goggles is not customary and usual in the kind of work in which the plaintiff was engaged at the time of his injury. . . . The wearing of goggles by men working under the circumstances such as the plaintiff was working at the time of the injury would make the work more dangerous, . . . and it is not practicable to use goggles in work of this kind." It was, therefore, proper on cross-examination to contradict this witness by showing that, although he contended that the use of goggles was impracticable, still he had thereafter provided goggles for employees. The objection, therefore, to this evidence cannot be sustained. *Shelton v. R. R., supra.*

The record discloses that the cause was tried in accordance with the established principles of law, and the judgment is affirmed.

No error.