ALFRED JACKSON v. ROYALL & BORDEN MANUFACTURING
COMPANY.

(Filed 31 January, 1928.)

**1. Master and Servant—Master's Liability for Injuries to Servant—Warning and Instructing Servant—Negligence.**

When an employee at work at a power-driven machine, simple in its operation, and under circumstances in which he was in a position to fully know his danger, does a negligent act easily avoidable by him that causes the injury in suit, he may not recover of his employer for the injury received by him in consequence of his own act, though the vice-principal of his employer had formerly instructed him of a very obvious remedy to be applied under the circumstances of the particular case, and which would not have caused the injury, except for the employee's negligent act.

CIVIL ACTION, before *Lyon, J.*, at May Term, 1927, of RICHMOND.

The evidence tended to show the following facts: The plaintiff, a young man about twenty years of age, was employed by the defendant to work in a felt factory. On the day of his injury he was working at a machine that mixed felt for mattresses. At one end of the machine there was an apron which was about three feet long and two feet across. A leather belt with slats tacked thereon carried the cotton along the apron to the rollers and through the rollers into the machine. The rollers are back of the apron next to the machine and are about six inches in diameter.

The plaintiff's narrative of his injury is as follows: "Mr. Renn showed me how to put cotton or felt in the machine and told me when the rollers got choked to unchoke it with a pitchfork, and when the apron got choked to hold it with one hand and clean it out with the other. He showed me how to stop it with my hand and clean it out. . . . The apron got choked and I got up and tried to clean it out, and I tried to stop it with one hand to clean it out. I had got wet and cold that morning on the truck and could not stop it, my hand being cold and stiff, and it kept moving along until the rollers caught my hand. I did not know my hand was in danger until the rollers caught it. . . . I was given no instructions except that Mr. Renn told me how to unchoke the rollers with the pitchfork and how to clean out the apron with my hand. . . . I knew that if my hand got caught between the rollers it would be crushed, but I did not know my hand would get into the rollers. . . . There was a belt with slats on it—the apron— that carried the cotton to the rollers. I tried to stop the slats. I was trying to stop the machine like Mr. Renn said to stop it. . . . The slats were not running when I started to clean it out. When I got it

cleaned out it began to move off, and I was still working with it until I got all the trash out. . . . I had my hand on the slats and was working underneath when the rollers caught my hand. I did not forget about my hand, but I could not stop the slats; I was trying to stop the slats. (Q). You just had to take your hand up? I don't know. I was looking underneath where I was working."

Plaintiff's left hand was caught in the rollers and crushed, necessitating amputation.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff, and the verdict awarded $2,500 in damages.

From judgment upon the verdict the defendant appealed.

*J. C. Sedberry for plaintiff.*
*Bynum & Henry for defendant.*

BROGDEN, J. The only serious question presented by the record is whether or not the motion for nonsuit should have been allowed.

No defect in the machine was alleged and no evidence thereof offered. The method of doing the work by placing the cotton on the moving belt or slats, to be conveyed to the rollers, was usual, approved and not dangerous. "It is well recognized that, although the machinery and place of work may be all that is required, liability may, and frequently does, attach by reason of the negligent orders of a foreman, or boss who stands towards the aggrieved party in the place of vice-principal." *Hoke, J.,* in *Howard v. Oil Co.,* 174 N. C., 651. It is also well established that, "where one having authority to give orders to another, who is inexperienced, gives a negligent order, which a reasonably prudent man would not give, and the servant is injured in attempting to obey said order, and the giving said order was the proximate cause of his injury, the servant is entitled to recover." *Clark, C. J.,* in *Holton v. Lumber Co.,* 152 N. C., 68.

The sole inquiry is to determine whether or not the foreman gave a negligent order or instruction in directing the plaintiff "when the apron got choked to hold it with one hand and clean it out with the other." It must be observed from the plaintiff's testimony that the rollers at the top of the apron were readily observable and that he fully appreciated the danger of permitting his hand to come in contact with them. It must also be observed that there was no danger in laying the hand upon the slats or moving belt unless the hand was permitted to remain on the moving belt and be conveyed to the rollers. When cotton had fallen from the moving belt to the apron and choked it the moving belt or

slats came to a standstill. The plaintiff put his hand upon the stationary slats or belt and began to unchoke the apron. When partially unchoked the slats began to move and plaintiff, according to his own testimony, while looking under the apron, with his hand upon a moving belt, and charged with knowledge that the belt was moving toward the rollers, and that the rollers would crush his hand, still permitted his hand to remain until it was fed into the rollers and crushed.

This case is governed by the principle announced by the Court in *Mathis v. Mfg. Co.,* 140 N. C., 530. In that case *Brown, J.,* said with reference to plaintiff's injury: "He was injured, according to his own evidence, by running his hand under the table without looking where he put it. The foreman could not have imparted to plaintiff any further information than he already had. The plaintiff had equal knowledge with the foreman as to the dangers incident to operating the saw, and he had sufficient discretion, so far as age and experience go, to appreciate the peril. The plaintiff knew the danger incident to cleaning out the sawdust box with the circular saw revolving rapidly just above it as well as the foreman could have told him."

So in the present case the order given by the foreman to the plaintiff was to perform a duty that in itself was simple and safe. Of course, if the workman permitted his hand to remain on the belt and be drawn into the rollers, serious injury was imminent and certain, but the plaintiff was thoroughly aware of this situation.

Upon a consideration of the entire case and the rules of law applicable, we are of the opinion that the motion for nonsuit should have been allowed.

Reversed.