P. G. MAULDEN v. HIGH POINT CHAIR COMPANY.

(Filed 3 October, 1928.)

**1. Master and Servant—Liability of Master for Injuries to Servant—Assumption of Risk.**

The doctrine of assumption of risk will not ordinarily preclude a recovery by an employee for an injury caused by the employer's negligence unless the danger is so open, obvious and imminent that no man of ordinary prudence would continue in the employment and incur the risk thereof.

**2. Same—Questions of Law—Questions of Fact.**

Where there is any doubt as to the facts or the inferences to be drawn therefrom, the question of whether the risk incurred in the employment is so openly, obviously and imminently dangerous as to put into operation the doctrine of assumption of risk, is for the jury, and it is only where there is a clear case that it is one of law for the court.

**3. Same—Burden of Proof.**

The burden of proof as to the assumption of risk is upon the defendant.

CIVIL ACTION for damages, tried before *Nunn, J.,* at July Term, 1928, of CHATHAM.

The evidence tended to show that the plaintiff was an experienced workman, having worked for the defendant about seven years, and on the date of his injury was running four boring machines. On said date the foreman gave the plaintiff a punch and directed him to lace the belt on one of the machines and start it up. In order to start up the machine it was necessary to put on the belting.

Plaintiff's narrative of his injury was as follows : "I laced the belt and got through with it and went to put it on. I had to put it on with a stick. I had to go up on the ladder and reach over just as far as I could reach to pull the belt on the pulley. After it had been laced it was tight. The first time it didn't go on, but the second time it went on just like that—snapped on like lightning—and when it did it threw me, and there was no way for me to help. . . . I was standing on top of the ladder. . . . I used the stick because that was the only thing we had to use to pull the belt on with. That was what we had been using. Mr. Brooks (foreman) told me to use it. . . . The company did not furnish anything to use except the stick. There was no lever furnished for shifting the belt. . . . He (foreman) told me to get a stick and step-ladder and put this belt on. He told me to go up the ladder and put the belt on with the stick. . . . I have put belts on that way before many times. All the other times I put the belts on like I did this time ; just exactly the same way. . . . The step-ladder was shackly ; it was shackly all over. I do not know how long it had

been in that condition, but it had been that way for a good while. I had discovered that; I had used it several times before to put on the belt and placed the ladder up under the shafting; take a chair round to get to the top of the ladder and some one else would take my stick and pull the belt on the pulley of the machine. No one would tell me how to do it. They knew that I knew how to do it. I knew how to put the belt on that pulley; Brooks (foreman) had told me how. . . . I had to lean way over to get it; the belt and ladder together threw me off. I know that all machinery is naturally dangerous; this machinery was not any more dangerous than any other machinery used in places like this, though I do not know that they have machines where they have a clutch to stop the shafting so as to put on the belt, but this machinery is not any more dangerous than other machinery. I complained to Mr. Brooks (foreman) about it. I told him that putting these belts on like they had to be put on was dangerous. He said well, he could not help it."

A witness for plaintiff testified that he knew such appliances as were used in modern furniture factories for shifting belts on running pulleys. Witness said: "Most of the machines I have ever operated have levers for shifting belts. . . . These appliances are in general use in all plants I have worked in."

Issues of negligence, contributory negligence, assumption of risk and damages were submitted and answered by the jury in favor of the plaintiff. The verdict awarded damages in the sum of $4,750. From judgment upon the verdict the defendant appealed.

*Long & Bell, McLendon & Hedrick and L. A. Wilson for plaintiff.
Siler & Barber and Murray Allen for defendant.*

BROGDEN, J. The chief question of law presented is this: Under what circumstances will the doctrine of assumption of risk bar recovery in personal injury actions?

The evidence discloses that the plaintiff was an experienced employee and was fully aware of the fact that the method of putting on belting, adopted by the defendant, was attended with danger. The law imposes upon an employer of labor the positive duty to use ordinary care in providing employees with reasonably safe methods and means to do the work for which they are employed. *Jefferson v. Raleigh,* 194 N. C., 479, 140 S. E., 76. There was sufficient evidence of the failure of defendant to perform this duty, but the defendant contends that by reason of the fact that the plaintiff appreciated the danger and continued to work in his employment in the face of a known danger, that the doctrine of assumption of risk precludes him from recovering damages arising from the negligence of the employer in adopting and in continuing to operate

the machinery by negligent methods. "Assumption of risk is a matter of defense analogous to contributory negligence to be passed on by the jury, who are to. say whether the employee voluntarily assumed the risk. It is not enough to show merely that he worked on knowing the danger, but further, it is only where the machinery is so grossly and clearly defective that the employee must know of the extra risk, that he can be deemed to have voluntarily and knowingly assumed the risk." *Lloyd v. Hanes,* 126 N. C., 359, 35 S. E., 611. *Hoke, J.,* writing in *Hicks v. Mfg. Co.,* 138 N. C., 319, 50 S. E., 703, quoted with approval the following excerpt from *Patterson v. Pittsburgh,* 76 Pa. St., 389 : "When the servant, in obedience to the master incurs the risk of machinery which, though dangerous, is not so much so as to threaten immediate injury or it is reasonably probable may be used safely by extraordinary caution, the master is liable for the resulting injury." The learned *Justice,* commenting upon the rule announced, says : "In several of the recent decisions, the standard in such cases is said to be that these risks are never assumed unless the act itself is obviously so dangerous that the inherent probabilities of danger are greater than those of safety."

Again in *Bissell v. Lumber Co.,* 152 N. C., 123, 67 S. E., 259, the Court adopted the rule as stated in Shearman and Redfield on Negligence, section 211, as follows : "The true rule, as nearly as it can be stated, is that a servant can recover for an injury suffered from defects due to the master's fault, of which he had notice, if under all the circumstances a servant of ordinary prudence, acting with such prudence, would, under similar conditions, have continued the same work under the same risk." *Pressly v. Yarn Mills,* 138 N. C., 410, 51 S. E., 69; *Russ v. Harper,* 156 N. C., 444, 72 S. E., 570; *Hamilton v. Lumber Co.,* 156 N. C., 520; 72 S. E., 588; *Howard v. Wright,* 173 N. C., 339, 91 S. E., 1032; *Medford v. Spinning Co.,* 188 N. C., 125, 123 S. E., 257; *Parker v. Mfg. Co.,* 189 N. C., 275, 126 S. E., 619; *Robinson v. Ivey,* 193 N. C., 805, 138 S. E., 173.

Our decisions are to the effect that mere knowledge of danger, ordinarily, does not preclude recovery unless the danger is so open, obvious and imminent that no man of ordinary prudence would continue to incur the risk thereof. If the danger is so open, obvious and imminent that no man of ordinary prudence would incur the risk thereof, then under such circumstances a workman who continues in the employment would be guilty of such contributory negligence as to bar a recovery. *Russ v. Harper,* 156 N. C., 444. .That is to say the assumption of risk is not in itself a negligent act by the workman unless the danger is open, obvious and imminent to the extent "that the inherent probabilities of danger are greater than those of safety." If such condition exists,

then the act of the workman in continuing the employment in the face of such danger becomes itself contributory negligence, which bars recovery.

But who is to decide the question as to whether the danger is so open, obvious and imminent that no man of ordinary prudence would continue in the employment? This question has been answered by this Court in *Medford v. Spinning Co., supra. Adams, J.,* said: "Whether the danger of putting the belt in the pulley when the machinery was in motion was so obvious that a man of ordinary prudence would not have gone on with the work, was a question for the jury to determine upon all the evidence." *Parker v. Mfg. Co.,* 189 N. C., 275, 126 S. E., 619. However, it has been held, in proper cases, that contributory negligence under certain circumstances will bar recovery as a matter of law. This is illustrated by the case of *Mathis v. Mfg. Co.,* 140 N. C., 530, 53 S. E., 349, and *Jackson v. Mfg. Co.,* 195 N. C., 18. In both of these cases it appears that no negligent method of doing the work was involved and serious injury from inattention was obvious, imminent and certain. The rule is expressed thus: "In a clear case the question of assumption of risk by the employee is one of law for the court, but where there is doubt as to the facts or as to the inferences to be drawn from them, it becomes a question for the jury. To preclude a recovery on that ground, it must appear that the employee knew and appreciated, or should have known and appreciated, the danger to which he was exposed, and in case of doubt that is for the jury. . . . The burden of proof as to the assumption of risk is upon the defendant; and where there is any doubt as to the facts, or inferences to be drawn from them, the question is for the jury." *Cobia v. R. R.,* 188 N. C., 487, 125 S. E., 18.

Therefore, we are of the opinion that the trial judge ruled correctly in submitting the issues to the jury, and the verdict of the jury has determined the merits of the controversy.

No error.