## S. N. MILLS v. MARION MANUFACTURING COMPANY.

(Filed 30 December, 1929.)

**Master and Servant C c; C f—Questions of master's negligence and servant's assumption of risks held for the jury.**

Where the evidence tends to show that the master, through his vice-principal, ordered his experienced servant to clean hangers by standing on top of a step-ladder in close proximity to running machinery, it is sufficient to be submitted to the jury on the question of the master's negligence in an action for an injury resulting therefrom, and the question of the assumption of the risks by the servant is for the determination of the jury upon consideration of whether the danger was so open, obvious and imminent that a man of ordinary prudence would not have continued in the employment and incurred them.

CIVIL ACTION, before *Schenck, J.,* at September Term, 1929, of HAYWOOD.

The plaintiff offered evidence tending to show that on 11 October, 1928, he was employed by the defendant and charged with the duty of oiling and banding the machinery in the mill of the defendant, and that it was also the duty of plaintiff to clean the hangers. There was also evidence tending to show that there were three methods for cleaning the hangers. One was to use a pole with a brush attached to the end thereof by means of which the workman could stand on the floor and wipe off the hanger. Another method was to use a blow pipe tied to the end of a pole, which enabled the workman to stand on the floor in performing his duty. The third method was to use a step-ladder.

Plaintiff was required to use a step-ladder, and testified with respect to his injury as follows: "On 11 October, 1928, I was cleaning my hangers. . . . I had them all cleaned but one; was cleaning the last one and was up on a step-ladder, eleven feet high; I was on top of it. I wiped off between part of one of the hangers with a brush, something like a broom handle, and there were some belts running at my back, and one sawed me across the back, and that shoved me forward, and when it did that the end of the brush stick hit the pulleys, and the other end hit me in the right side, and knocked me off. When the belt sawed my back, and the brush stick hit me, it knocked me off the ladder, and broke a couple of ribs, and I didn't know about it until Ralph Styles picked me up. Where I cleaned, the belts were not over 14 or 15 inches apart; but the one at my back wasn't over 15 inches from the hanger where I was cleaning. . . . There was no other position that I could get in to climb the ladder and clean the hangers than the one I was in when the belt hit me across the back. It was the only way I could get up there to clean them at all. Prior to this time we would

slip and clean them with a pole, and they would catch us and stop us. They gave us orders all the time to climb the ladder. I have started several times to clean them with a pole, and they would stop us. That method would permit me to stand on the floor and clean them. . . . The Marion Manufacturing Company's method was to clean while it was running. All the machinery was running at the time I was injured. . . . The alley I was in was awful close."

The defendant offered no evidence.

The usual issues of negligence, contributory negligence, assumption of risk and damages were submitted to the jury and answered in favor of plaintiff. The issue of damage was answered in the sum of $1,500.

From judgment upon the verdict the defendant appealed.

*W. R. Francis* and *Alley & Alley* for *plaintiff.*
*A. Hall Johnston* and *J. C. Cheesbrough* for *defendant.*

BROGDEN, J. 1. Is it evidence of negligence to require a workman to clean machinery while in motion?

2. If so, does the act of the workman in so cleaning the machinery constitute contributory negligence or assumption of risk as a matter of law?

These propositions were considered by this Court in *Marks v. Cotton Mills,* 138 N. C., 401, 50 S. E., 769. The rule was thus declared: "To prevent misconception, we desire to say that our decision in this case, based upon the admitted facts, is simply that the allegation of negligence in ordering the machine to be cleaned while in motion should be submitted to the jury; that if they find the issue for the plaintiff, the question of assumption of risk or contributory negligence, alleged to arise out of his remaining in the service, should also be submitted to the jury." *Noble v. Lumber Co.,* 151 N. C., 76, 65 S. E., 622; *Breeden v. Mfg. Co.,* 163 N. C., 469, 79 S. E., 960; *Lynch v. R. R.,* 164 N. C., 249, 80 S. E., 173; *Ensley v. Lumber Co.,* 165 N. C., 687, 81 S. E., 1010; *Maulden v. Chair Co.,* 196 N. C., 122, 144 S. E., 557.

The evidence discloses that the plaintiff was required to place a ladder between running belts in order to clean the hanger. These belts, according to the evidence, were not more than 14 or 15 inches apart, and while he was not actually engaged in cleaning a running part of the machine, it must be apparent that the small space between the belts rendered the place of work dangerous and hazardous. Plaintiff was an experienced employee, and of course appreciated the danger, but the question as to whether the danger was so open, obvious, and imminent that no man of ordinary prudence would continue in the employment, must be submitted to the decision of a jury. *Maulden v. Chair Co., supra.*

No error.